# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:15−mj−03604−EGT−1
### *Internal Use Only*

Case title: USA v. Shiera−Bastidas

Date Filed: 12/17/2015
Date Terminated: 01/14/2016

Assigned to: Magistrate Judge Edwin G. Torres

**Defendant (1)**

**Abraham Jose Shiera−Bastidas**
08915−104
*YOB: 1963; ENGLISH*
*TERMINATED: 01/14/2016*

represented by **Ann Marie St. Peter−Griffith**
Kasowitz Benson Torres &Friedman
LLP
1441 Brickell Avenue
Suite 1420
Miami, FL 33131
786−587−1054
Fax: 305−397−2731
Email: astpetergriffith@kasowitz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel J. Fetterman**
Kasowitz, Benson, Torres &Friedman,
LLP
1633 Broadway
New York, NY 10019
212−506−1700
Fax: 212−506−1800
Email: dfetterman@kasowitz.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joseph Walker**
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037
202−457−6000
Email: joseph.walker@squirepb.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Raul B. Manon**
Squire Patton Boggs (US) LLP

Wachovia Financial Center
200 S Biscayne Boulevard
Suite 4100
Miami, FL 33131–2398
305–577–7000
Fax: 305–577–7001
Email: raul.manon@squirepb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Samuel Rosenthal**
Squire Patton Boggs (US) LLP
2550 M. Street, NW
Washington, DC 20037
202–457–6321
Fax: 351–0593
Email: Samuel.rosenthal@squirepb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**P Jan Kubicz**
Squire Patton Boggs (US) LLP
200 South Biscayne Blvd.
Suite 4700
Miami, FL 33131–2398
305 577–2962
Fax: 305 577 7001
Email: jan.kubicz@squirepb.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| WARRANT/INDICTMENT/SD/TX/CONSP/WIRE | |

FRAUD

**Plaintiff**

**USA**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/17/2015 | 1 | 6 | Magistrate Removal of Indictment from SD/TX; Case number in the other District 15CR654, as to Abraham Jose Shiera–Bastidas (1). (cg1) (Entered: 12/21/2015) |
| 12/17/2015 | 2 | 49 | ORDER UNSEALING CASE as to Abraham Jose Shiera–Bastidas Signed by Magistrate Judge Edwin G. Torres on 12/17/2015. (cg1) (Entered: 12/21/2015) |
| 12/17/2015 | 3 | 50 | Minute Order for proceedings held before Magistrate Judge Edwin G. Torres: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Abraham Jose Shiera–Bastidas held on 12/17/2015. Date of Arrest or Surrender: 12/16/15. Detention Hearing set for 12/22/2015 10:00 AM in Miami Division before MIA Duty Magistrate. Removal Hearing set for 12/22/2015 10:00 AM in Miami Division before MIA Duty Magistrate. (Digital 14:25:06) Signed by Magistrate Judge Edwin G. Torres on 12/17/2015. (cg1) (Entered: 12/21/2015) |
| 12/22/2015 | 4 | 51 | NOTICE OF ATTORNEY APPEARANCE: P Jan Kubicz appearing for Abraham Jose Shiera–Bastidas . Attorney P Jan Kubicz added to party Abraham Jose Shiera–Bastidas(pty:dft). (Kubicz, P Jan) (Entered: 12/22/2015) |
| 12/22/2015 | 5 | 53 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Joseph Walker. Filing Fee $ 75.00. Receipt # 113C–8347371 by Abraham Jose Shiera–Bastidas. Responses due by 1/8/2016 (Attachments: # 1 Exhibit 1)(Kubicz, P Jan) (Entered: 12/22/2015) |
| 12/22/2015 | 6 | 62 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Samuel Rosenthal. Filing Fee $ 75.00. Receipt # 113C–8347470 by Abraham Jose Shiera–Bastidas. Responses due by 1/8/2016 (Attachments: # 1 Exhibit 1)(Kubicz, P Jan) (Entered: 12/22/2015) |
| 12/22/2015 | 7 | | ORDER granting 5 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Joseph Walker as to Abraham Jose Shiera–Bastidas (1). The Court finds that the application satisfies the requirements of S.D. Fla. Local Atty. R. 4. Therefore, the Clerk is directed to add movant as counsel of record for Defendant and allow counsel to be noticed electronically on CM/ECF. Docket Order Signed by Magistrate Judge Edwin G. Torres on 12/22/2015. (EGT) (Entered: 12/22/2015) |
| 12/22/2015 | 8 | | ORDER granting 6 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Samuel Rosenthal as to Abraham Jose Shiera–Bastidas (1). The Court finds that the application satisfies the requirements of S.D. Fla. Local Atty. R. 4. Therefore, the Clerk is directed to add Samuel Rosenthal, Esq. as |

| | | | |
|---|---|---|---|
| | | | counsel of record for Defendant and allow counsel to be noticed electronically on CM/ECF. Docket Order Signed by Magistrate Judge Edwin G. Torres on 12/22/2015. (EGT) (Entered: 12/22/2015) |
| 12/22/2015 | 9 | 71 | Minute Entry for proceedings held before Magistrate Judge Jonathan Goodman: Status Conference in re:Removal and Pretrial Detention hearings as to Abraham Jose Shiera–Bastidas held on 12/22/2015., ( Detention Hearing set for 12/28/2015 10:00 AM in Miami Division before MIA Duty Magistrate., Removal Hearing set for 12/28/2015 10:00 AM in Miami Division before MIA Duty Magistrate.) (Digital 10:07:47) (nf) (Entered: 12/23/2015) |
| 12/22/2015 | | | Attorney update in case as to Abraham Jose Shiera–Bastidas. Attorney Joseph Walker for Abraham Jose Shiera–Bastidas added (ksa) (Entered: 12/23/2015) |
| 12/22/2015 | | | Attorney update in case as to Abraham Jose Shiera–Bastidas. Attorney Samuel Rosenthal for Abraham Jose Shiera–Bastidas added (ksa) (Entered: 12/23/2015) |
| 12/24/2015 | 10 | 72 | Defendant Abraham Shiera's Memorandum in Support of Pretrial Release by Abraham Jose Shiera–Bastidas. Responses due by 1/11/2016 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Kubicz, P Jan) Modified on 1/13/2016 to reflect that this is not a motion(AMS). (Entered: 12/24/2015) |
| 12/28/2015 | 11 | 134 | Minute Entry for proceedings held before Magistrate Judge Alicia M. Otazo–Reyes: Status Conference re removal and pretrial detenting hearings as to Abraham Jose Shiera–Bastidas held on 12/28/2015., ( Detention Hearing reset for 1/14/2016 10:00 AM in Miami Division before MIA Duty Magistrate., Removal Hearing reset for 1/14/2016 10:00 AM in Miami Division before MIA Duty Magistrate.) Defendant signed waiver. Time excluded pursuant to the Speedy Trial Act: 12/28/15 – 1/14/16. (Digital 10:01:54) (sl) (Entered: 12/28/2015) |
| 12/28/2015 | 12 | 135 | WAIVER of Speedy Trial, removal and pretrial detention hearings through 1/14/16 by Abraham Jose Shiera–Bastidas (sl) (Entered: 12/28/2015) |
| 01/06/2016 | 13 | 136 | Defendant's MOTION for Substitution of Counsel by Abraham Jose Shiera–Bastidas. Responses due by 1/25/2016 (Kubicz, P Jan) (Entered: 01/06/2016) |
| 01/06/2016 | 14 | 139 | NOTICE OF ATTORNEY APPEARANCE: Ann Marie St. Peter–Griffith appearing for Abraham Jose Shiera–Bastidas . Attorney Ann Marie St. Peter–Griffith added to party Abraham Jose Shiera–Bastidas(pty:dft). (St. Peter–Griffith, Ann) (Entered: 01/06/2016) |
| 01/07/2016 | 15 | 141 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Daniel J. Fetterman. Filing Fee $ 75.00. Receipt # 113C–8379604 by Abraham Jose Shiera–Bastidas. Responses due by 1/25/2016 (St. Peter–Griffith, Ann) (Entered: 01/07/2016) |
| 01/07/2016 | | | Attorney update in case as to Abraham Jose Shiera–Bastidas. Attorney Daniel J. Fetterman for Abraham Jose Shiera–Bastidas added (ksa) (Entered: |

| | | | 01/08/2016) |
|---|---|---|---|
| 01/14/2016 | 16 | 148 | Minute Entry for proceedings held before Magistrate Judge Andrea M. Simonton: Status Detention/Removal as to Abraham Jose Shiera−Bastidas held on 1/14/2016. Daniel Fetterman PHV (motion pending) Motion for substitution of counsel is Granted. Motion for PHV is Granted. Stip PTD w/right to revisit in S/D of Texas (no hearing held)Defendant waives removal hearing. Ordered removed to the S/D of Texas. (Digital 10:20:38) (at) (Entered: 01/15/2016) |
| 01/14/2016 | 17 | 149 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Abraham Jose Shiera−Bastidas (at) (Entered: 01/15/2016) |
| 01/14/2016 | 18 | 150 | COMMITMENT TO ANOTHER DISTRICT as to Abraham Jose Shiera−Bastidas. Defendant committed to District of Southern District of Texas. Closing Case for Defendant. − Motions terminated: 13 Defendant's MOTION for Substitution of Counsel filed by Abraham Jose Shiera−Bastidas, 15 MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Daniel J. Fetterman. Filing Fee $ 75.00. Receipt # 113C−8379604 filed by Abraham Jose Shiera−Bastidas. Signed by Magistrate Judge Andrea M. Simonton on 1/14/2016. (at) <br><br>**NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014−69.** (Entered: 01/15/2016) |

15-3604-EGT

RECEIVED
STATES MARSHAL

15 DEC 11 PM 1:18

SOUTHERN DIST. S/TX

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Abraham Jose Shiera-Bastidas | ) | Case No.  4:15-cr-654 |
| | ) | |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_   Abraham Jose Shiera-Bastidas

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Count 1 Conspiracy to violate the Foreign Corrupt Practices Act (FCPA) and commit wire fraud
Counts 6-10 FCPA Violations
Counts 11 Conspiracy to commit money laundering
Counts 12-18 Money Laundering

Date:  12/11/2015

City and state:    Houston, TX

_Issuing officer's signature_

G. Kelner, Deputy Clerk
_Printed name and title_

### Return

This warrant was received on _(date)_ _____, and the person was arrested on _(date)_ _____
at _(city and state)_ _____

Date: _____

_____
_Arresting officer's signature_

_____
_Printed name and title_

FID: 9963299

AO257 .
(USAO Rev. 6/99)      **Marshal's Office/Clerk's Office**      PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY:   ☐ Complaint    ☐ Information    ☑ Indictment       **DEFENDANT - U.S. vs.**

Name of District Court, and/or Judge/Magistrate Location (City)     ABRAHAM JOSE SHIERA-BASTIDAS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Address ▬▬▬▬▬▬

Name and Office of Person
Furnishing Information on    KENNETH MAGIDSON, USA
THIS FORM
     ☑ U.S. Att'y    ☐ Other U.S. Agency

Birth
Date ▬▬▬▬▬    ☑ Male    ☐ Alien
     ☐ Female   (if applicable)

Name of Asst. U.S. Att'y    JOHN P. PEARSON, AUSA
(if assigned)

Social Security Number

**15 CR 654**

**Proceeding**

Name of Complainant Agency, or Person (& Title, if any)

STEVEN BODAK / HIS

Defendant

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding
     if not detained give date any prior
     summons was served on above charges

☐ person is awaiting trial in another Federal or State Court, give
   name of court

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

☐ this person/proceeding transferred from another district per (circle
   one) FRCrP 20, 21 or 40. Show District

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ this is a reprosecution of charges
   previously dismissed which were
   dismissed on motion of:      SHOW
     DOCKET NO.
   ☐ U.S. Att'y    ☐ Defense

If answer to (6) is "Yes", show name of institution

          }   ☐ Fed'l    ☐ State

☐ this prosecution relates to pending
   case involving this same defendant     MAG. JUDGE
                   CASE NO.

Has detainer    ☐ Yes    If "Yes"
been filed?      ☐ No    } give date
                         filed

☐ prior proceedings or appearance(s)
   before U.S. Magistrate Judge regarding
   this defendant were recorded under

**DATE OF**
**ARREST**   ▶

Or ... if Arresting Agency & Warrant were not Federal

Place of
offense    Southern District of Texas

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DATE TRANSFERRED**
**TO U.S. CUSTODY**

☐ This report amends previous AO257 submitted

| OFFENSE CHARGED - U.S.C. CITATION -STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Ct. 1: Conspiracy [18 U.S.C. § 371]

Cts. 6-10: Foreign Corrupt Practices Act [15 U.S.C. § 78dd-2; 18 U.S.C. § 2]

Ct. 11: Conspiracy to Commit Money Laundering [18 U.S.C. § 1956(h)]

Cts. 12-14: Money Laundering [18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2]

Cts. 15-18: Money Laundering [18 U.S.C. § 1957; 18 U.S.C. § 2]

United States District Court
Southern District of Texas
**FILED**

**DEC 1 0 2015**

David J. Bradley, Clerk of Court

**Penalties**

Ct. 1:      Up to 5 years imprisonment, $250,000 fine, 3 years S/R, and $100 S/A.
Cts. 6-10: Up to 5 years imprisonment, $250,000 fine, 3 years S/R, and $100 S/A per count.
Ct. 11: Not more than 10 years imprisonment, $250,000 fine or twice the value of the property involved in the transaction; 3 years S/R, and a $100 S/A.
Cts. 12-14: Up to 20 years imprisonment and fine up to $500,000 or twice the gross gain or less, 5 years S/R, and $100 S/A per count
Cts. 15-18: Not more than 10 years imprisonment; $250,000 fine, 3 years S/R, and a $100 S/A per count.

NOTICE OF FORFEITURE [28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)]
NOTICE OF FORFEITURE [18 U.S.C. § 982(a)(1)]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2015
David J. Bradley, Clerk

*Sealed*

Public and ...
to this ...
prohibited ...

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| ABRAHAM JOSE SHIERA-BASTIDAS | § |

CRIMINAL NO:
**SEALED**

15 CR 654

15 CR 654

## ORDER FOR ISSUANCE OF BENCH WARRANT

A     CRIMINAL INDICTMENT     has been returned against the defendant listed

below.

It is ORDERED that a warrant be issued for the arrest of said defendant.  Upon arrest and

appearance, a judicial determination shall be made as to detention or release on conditions.  The

United States Government recommends to the Court the following:

*Defendant*

**ABRAHAM JOSE SHIERA-BASTIDAS**

▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬

☐ DETENTION

☐ RELEASED ON CONDITIONS

☐ APPEARANCE BOND IN THE
     AMOUNT OF: $

SIGNED at Houston, Texas, on     *December 10* , 20*15* .

*[signature]*

UNITED STATES MAGISTRATE JUDGE

United States District Court
Southern District of Texas
FILED

DEC 1 0 2015

David J. Bradley, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §    CRIMINAL NO. |
| | § |
| ROBERTO ENRIQUE RINCON- | § |
| FERNANDEZ, | § |
| ABRAHAM JOSE SHIERA- | § |
| BASTIDAS | § |

15 CR 654

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### (Conspiracy – 18 U.S.C. § 371)

#### Introduction

At all relevant times, unless otherwise specified:

1.    The Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended,

Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for

the purpose of, among other things, making it unlawful to act corruptly in

furtherance of an offer, promise, authorization, or payment of money or anything

of value, directly or indirectly, to a foreign official for the purpose of obtaining or

retaining business for, or directing business to, any person.

2.    Petroleos de Venezuela S.A. ("PDVSA") was the Venezuelan state-

owned and state-controlled oil company. PDVSA and its subsidiaries and affiliates

were responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government. PDVSA Services, Inc. was the U.S.-based affiliate of PDVSA located in Houston, Texas, that, at various times, was responsible for international purchasing on behalf of PDVSA. Bariven S.A. was the PDVSA procurement subsidiary responsible for equipment purchases. PDVSA and its wholly owned subsidiaries, including PDVSA Services, Inc. and Bariven S.A., (hereinafter collectively referred to as "PDVSA") were "instrumentalities" of the Venezuelan government as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A). PDVSA officers and employees were "foreign officials" as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

3.    PDVSA awarded contracts for energy services and equipment in a number of ways, including through a competitive bidding process. One such competitive bidding process began with a PDVSA purchasing analyst assembling a bidding panel, which identified those companies that would be invited to submit bids in connection for a particular project. PDVSA would then issue a request for quotation to the companies included on the bidding panel and those companies would in turn submit formal bids, from which a winner would be selected.

2

PDVSA also awarded sole source contracts, which were not subject to a competitive bidding process.

### The Defendants and Their Co-Conspirators

4.     Defendant **ROBERTO ENRIQUE RINCON FERNANDEZ** ("**RINCON**") was a U.S. lawful permanent resident and a resident of Texas, and controlled, together with others, a number of closely held companies, including several U.S. companies, many of which were based in the Southern District of Texas, that **RINCON** used to secure contracts with PDVSA. **RINCON** was thus a "domestic concern" and an officer, director, employee, agent, and shareholder of a "domestic concern" as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

5.     Defendant **ABRAHAM JOSE SHIERA BASTIDAS** ("**SHIERA**") was a Venezuelan national who resided in Florida, and controlled, together with others, a number of closely held companies, including several U.S. companies, that **SHIERA** used to secure contracts with PDVSA. **SHIERA** was thus a "domestic concern" and an officer, director, employee, agent, and shareholder of a "domestic concern" as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1). **RINCON** and **SHIERA** worked together on a number of PDVSA contracts and contract bids.

3

6.    "Rincon Company 1," a company whose identity is known to the
Grand Jury, was organized under the laws of Texas and headquartered in the
Southern District of Texas.  Rincon Company 1 was thus a "domestic concern" as
that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).
Rincon Company 1 was controlled by **RINCON** and used by **RINCON** to secure
contracts with PDVSA.

7.    "Rincon Company 2," a company whose identity is known to the
Grand Jury, was organized under the laws of Texas and headquartered in the
Southern District of Texas.  Rincon Company 2 was thus a "domestic concern" as
that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).
Rincon Company 2 was controlled by **RINCON** and used by **RINCON** to secure
contracts with PDVSA.

8.    "Rincon Company 3," a company whose identity is known to the
Grand Jury, was organized under the laws of Florida and headquartered in Florida.
Rincon Company 3 was thus a "domestic concern" as that term is used in the
FCPA, Title 15, United States Code, Section 78dd-2(h)(1).  Rincon Company 3
was controlled by **RINCON** and used by **RINCON** to secure contracts with
PDVSA.

9. "Rincon Company 4," a company whose identity is known to the Grand Jury, was controlled by **RINCON** and used by **RINCON** to secure contracts with PDVSA.

10. "Shiera Company 1," a company whose identity is known to the Grand Jury, was organized under the laws of Florida and headquartered in Florida. Shiera Company 1 was thus a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1). Shiera Company 1 was controlled by **SHIERA** and used by **SHIERA** to secure contracts with PDVSA.

11. "Shiera Company 2," a company whose identity is known to the Grand Jury, was organized under the laws of Florida and headquartered in Florida. Shiera Company 2 was thus a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1). Shiera Company 2 was controlled by **SHIERA** and used by **SHIERA** to secure contracts with PDVSA.

12. "Shiera Company 3," a company whose identity is known to the Grand Jury, was organized under the laws of Florida and headquartered in Florida. Shiera Company 3 was thus a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1). Shiera Company 3 was controlled by **SHIERA** and used by **SHIERA** to secure contracts with PDVSA.

5

13.  "Shiera Company 4," a company whose identity is known to the Grand Jury, was controlled by **SHIERA** and used by **SHIERA** to secure contracts with PDVSA.

14.  "Shiera Company 5," a company whose identity is known to the Grand Jury, was controlled by **SHIERA** and used by **SHIERA** to secure contracts with PDVSA.

15.  "Shiera Company 6," a company whose identity is known to the Grand Jury, was controlled by **SHIERA** and used by **SHIERA** to secure contracts with PDVSA.

16.  "Associate 1," an individual whose identity is known to the Grand Jury, was a U.S. lawful permanent resident and a resident of Texas and a relative of **RINCON**, who controlled, along with **RINCON**, several of the U.S. companies controlled by **RINCON**.  Associate 1 was thus a "domestic concern" and an officer, director, employee, agent, and shareholder of a "domestic concern" as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

17.  "Associate 2," an individual whose identity is known to the Grand Jury, was a Venezuelan national who maintained a residence in Texas, and was employed by, or worked as an independent contractor for, **SHIERA** and assisted both **RINCON** and **SHIERA** in their business operations, including by assisting

6

RINCON and SHIERA and their companies, including their U.S.-based companies, secure contracts with PDVSA. Thus, Associate 2 was an agent of a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

## The Foreign Officials

18.    "Official A," an individual whose identity is known to the Grand Jury, was at all relevant times employed by PDVSA, including as a buyer at PDVSA and a supervisor of other PDVSA buyers. Official A's job responsibilities included assigning bidding panels to PDVSA buyers, including Official C and Official D, who would then be responsible for selecting companies for the bidding panels, which allowed those companies to submit bids on individual PDVSA projects.

19.    "Official B," an individual whose identity is known to the Grand Jury, was at all relevant times employed by PDVSA, including as a purchasing analyst for PDVSA. Official B's job responsibilities included selecting companies for bidding panels, which allowed those companies to submit bids on individual PDVSA projects.

20.    "Official C," an individual whose identity is known to the Grand Jury, was at all relevant times employed by PDVSA, including as a purchasing manager and superintendent of purchasing at PDVSA. Official C's job responsibilities included selecting companies for bidding panels, which allowed those companies

7

to submit bids on individual PDVSA projects, and selecting which companies would win the economic portion of the bid process.

21.    "Official D," an individual whose identity is known to the Grand Jury, was at all relevant times employed by PDVSA, including as a buyer for PDVSA. Official D's job responsibilities included selecting companies for bidding panels, which allowed those companies to submit bids on individual PDVSA projects.

22.    "Official E," an individual whose identity is known to the Grand Jury, was at all relevant times employed by PDVSA, including as a purchasing manager at PDVSA. Official E's job responsibilities included selecting companies for bidding panels, which allowed those companies to submit bids on individual PDVSA projects.

23.    Official A, Official B, Official C, Official D, and Official E were each a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

8

## The Conspiracy

24.    Beginning in at least 2009 and continuing through at least 2014, in the Southern District of Texas, and elsewhere, the defendants,

**ROBERTO ENRIQUE RINCON FERNANDEZ**
**and**
**ABRAHAM JOSE SHIERA BASTIDAS**

did willfully and knowingly conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit offenses against the United States, that is:

a.  to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign

9

government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist RINCON, SHIERA, and their U.S. companies in obtaining and retaining business for and with, and directing business to, RINCON, SHIERA, their companies, and others, in violation of the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2(a);

b. while in the territory of the United States, willfully and corruptly to make use of the mails and means and instrumentalities of interstate commerce and to do any other act in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect

10

and influence acts and decisions of such government and agencies and instrumentalities, in order to assist **RINCON, SHIERA,** and their U.S. companies in obtaining and retaining business for and with, and directing business to, **RINCON, SHIERA,** their companies, and others, in violation of Title 15, United States Code, Section 78dd-3(a); and

c. to devise and intend to devise a scheme or artifice to defraud PDVSA and energy companies that could have performed services for PDVSA, and for obtaining money and property from PDVSA and energy companies that could have performed services for PDVSA by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

25. The purpose of the conspiracy was for **RINCON, SHIERA,** and their co-conspirators, to enrich themselves by obtaining and retaining lucrative energy contracts with PDVSA through corrupt and fraudulent means, including by paying bribes to PDVSA officials.

11

## Manner and Means of the Conspiracy

26.     The manner and means by which **RINCON** and **SHIERA** and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following, while in the Southern District of Texas and elsewhere:

27.     **RINCON** and **SHIERA**, together with others, discussed how they would obtain and retain contracts with PDVSA by providing things of value to PDVSA officials.

28.     **RINCON** and **SHIERA**, together with others, paid bribes to PDVSA officials through the use of interstate and foreign wires in order to influence acts and decisions of the PDVSA officials in their official capacities and to induce the PDVSA officials to do and omit to do certain acts, including, but not limited to:

    a.  assisting **RINCON**'s and **SHIERA**'s companies in winning PDVSA contracts;

    b.  providing **RINCON** and **SHIERA** with inside information concerning the PDVSA bidding process;

    c.  placing one or more of **RINCON**'s and **SHIERA**'s companies on certain bidding panels for PDVSA projects;

    d.  helping to conceal the fact that **RINCON** and **SHIERA** controlled more than one of the companies on certain bidding panels for PDVSA projects;

12

   e.  supporting **RINCON**'s and **SHIERA**'s companies before an internal

       PDVSA purchasing committee;

   f.  preventing interference with the selection of **RINCON**'s and **SHIERA**'s

       companies for PDVSA contracts;

   g.  updating and modifying contract documents, including change orders to

       PDVSA contracts awarded to **RINCON**'s and **SHIERA**'s companies;

   h.  assisting **RINCON**'s and **SHIERA**'s companies in receiving payment

       for previously awarded PDVSA contracts, including by requesting

       payment priority for projects involving **RINCON**'s and **SHIERA**'s

       companies.

   29.    **RINCON** and **SHIERA**, together with others, caused bribe payments

to be wired from the bank accounts of **RINCON, RINCON**'s companies, and

**SHIERA**'s companies to the bank accounts of PDVSA officials, their relatives, or

other individuals or entities designated by the PDVSA officials who received the

bribes.

   30.    In addition to monetary bribes, **RINCON** and **SHIERA**, together with

others, bribed PDVSA officials by providing things of value, including recreational

travel, meals, and entertainment, in order to obtain and retain business on behalf of

**RINCON**'s and **SHIERA**'s companies.

13

31.    **RINCON** and **SHIERA,** together with others, referred to the PDVSA officials who were assisting them in obtaining and retaining contracts with PDVSA in exchange for bribes as "aliados," which translates into English as "allies" or "allieds."

32.    **RINCON** and **SHIERA,** together with others, provided to certain PDVSA officials who were receiving bribes proposed bidding panel lists that would include more than one company controlled by **RINCON** or **SHIERA** to create the false appearance that the bidding process was competitive.

33.    **RINCON** and **SHIERA,** together with others, relayed to certain PDVSA officials who were receiving bribes instructions as to which company among the proposed bidding panel the officials should select as the winning bidder.

34.    **RINCON** and **SHIERA,** together with others, kept track of the amounts owed and paid to each PDVSA official based on the contracts that the PDVSA official had helped to award to one or more of **RINCON**'s and **SHIERA**'s companies.

35.    **RINCON** and **SHIERA,** together with others, attempted to conceal the fact that they controlled multiple companies contained on the proposed bidding panel lists provided to certain PDVSA officials who were receiving bribes, including by appointing nominal owners or managers for those companies.

14

36.  RINCON and SHIERA, together with others, attempted to conceal the bribes to certain PDVSA officials, which they referred to as "commissions," by creating false justifications for the bribes, including requesting or receiving invoices for equipment that was not provided and services that were never rendered in order to disguise the bribe payments to the PDVSA officials.

<u>Overt Acts</u>

37.  In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

38.  In or around October 2009, RINCON and SHIERA reached an agreement to work together to pay bribes to PDVSA officials in order to secure lucrative energy contracts from PDVSA for RINCON's and SHIERA's companies.

39.  On or about October 8, 2009, Associate 2 sent an e-mail to other associates of SHIERA referring to a matrix "Roberto" [RINCON] had drafted in connection with PDVSA bidding.

40.  On or about October 22, 2009, Associate 2 sent Official C an e-mail in Spanish explaining the strategy for the PDVSA bidding process as it related to companies owned by SHIERA, stating that for instances where Shiera Company 1

15

would be invited to submit bids, Associate 2 and Official C needed to first ensure that Shiera Company 1 would meet certain conditions and that Official C would be the PDVSA buyer responsible for assembling the panel, and that, as translated into English, "If that is the case, tell me so I can send you a panel of companies that I know will not make an offer, or they will make offers higher than ours. It is indispensable to have the complete description of the request to seek out pricing beforehand. When starting the process, it is also indispensable that you require a short submission offer timeframe (3days). Well buddy, I believe that if we follow these strategies, that shit is ours."

41.     In or around early 2010, Associate 2 helped Official B to open a bank account in Panama, in order to receive bribe payments outside Venezuela.

42.     On or about April 9, 2010, **RINCON** caused $100,000 to be transferred from a bank account in the United States in the name of one of **RINCON**'s companies to Official B's bank account in Panama.

43.     On or about April 12, 2010, **RINCON** caused $164,570.23 to be transferred from a bank account in the name of one of **RINCON**'s companies to pay off the balance of a mortgage loan in Official E's name for a residence in the Southern District of Texas, in exchange for Official E's assistance in connection with PDVSA contracts.

16

44.    On or about May 7, 2010, **RINCON** caused $135,429 to be transferred from a bank account in the name of one of **RINCON**'s companies to an account in the name of a close personal associate of Official E, but over which Official E held power of attorney, in exchange for Official E's assistance in connection with PDVSA contracts.

45.    On or about June 15, 2010, **SHIERA** sent Official C an e-mail containing information about how to open a bank account at a bank in Panama.

46.    On or about June 17, 2010, **RINCON** helped Official C open a bank account in the Southern District of Texas, into which bribes were paid.

47.    On or about May 26, 2010, approximately two weeks after PDVSA issued a $2,648,148.20 purchase order to Shiera Company 1 on which Official C was listed as the PDVSA buyer, Shiera Company 1 transferred $300,000 to Shiera Company 4.

48.    On or about June 23, 2010, **SHIERA** caused $100,000 to be transferred from a bank account in the name of Shiera Company 4 to Official C's bank account in the Southern District of Texas in exchange for Official C's assistance in connection with PDVSA contracts.

49.    On or about September 23, 2010, **RINCON** caused $100,000 to be transferred from a bank account in the name of Rincon Company 4 to Official C's

17

bank account in the Southern District of Texas in exchange for Official C's assistance in connection with PDVSA contracts.

50.     On or about October 18, 2010, approximately two weeks after PDVSA sent a wire transfer to Shiera Company 1 in the amount of $5,545,560.01, **SHIERA** caused $25,000 to be transferred from a bank account in the name of Shiera Company 4 to Official C's bank account in the Southern District of Texas in exchange for Official C's assistance in connection with PDVSA contracts.

51.     On or about January 28, 2011, **SHIERA** caused $15,000 to be transferred from a bank account in Panama in the name of Shiera Company 5 into a bank account in the Southern District of Texas held jointly in the name of Official E and a relative, in exchange for Official E's assistance in connection with PDVSA contracts.

52.     On or about June 6, 2011, **SHIERA** caused $15,000 to be transferred from a bank account in Panama in the name of Shiera Company 5 into a bank account in the Southern District of Texas held jointly in the name of Official E and a relative, in exchange for Official E's assistance in connection with PDVSA contracts.

53.     On or about August 5, 2011, approximately ten days after PDVSA issued a $7,729,756.78 purchase order to Rincon Company 3 on which Official C was listed as the buyer, Rincon Company 2 sent a sales order to Rincon Company

18

3 to provide Rincon Company 3 with substantially the same equipment Rincon Company 3 had agreed to provide to PDVSA in the purchase order referenced above, for a total price of $7,343,268.93.

54.     On or about September 29, 2011, **SHIERA** sent an e-mail to Associate 2, stating, as translated into English, "Don't forget to give me [Official A's] account statement."

55.     On or about October 27, 2011, Associate 2 sent an e-mail to **SHIERA** with the subject line, as translated into English, "Outstanding [commission] for [Official A]," and attaching an Excel spreadsheet listing numerous PDVSA contracts that had been awarded to **SHIERA**'s companies between September 1, 2010 to September 30, 2011 by various PDVSA buyers that were supervised by Official A, and listing, as translated into English, an "Outstanding commission" of $188,276.61 USD.

56.     On or about December 6, 2011, an associate of **SHIERA** sent an e-mail to Associate 2 in which he forwarded a $14,502.29 hotel reservation for Official D at the Fontainebleau Hotel in Miami Beach, Florida.

57.     On or about January 12, 2012, Associate 2 sent an e-mail to **SHIERA** and another associate of **SHIERA** attaching an invoice for whiskey that had been given to Official C with a notation, as translated into English, "with AS [ABRAHAM SHIERA] authorization."

19

27

58.     On or about January 17, 2012, the other associate replied to the e-mail referenced in Paragraph 57 above, stating, as translated into English, "Man, you shouldn't have Abraham's [SHIERA's] name in the e-mail address, and do not mention mine either."

59.     On or about January 18, 2012, **SHIERA** responded to the e-mail chain referenced in Paragraph 58 above, stating, as translated into English, "authorized."

60.     On or about January 26, 2012, Associate 2 sent an e-mail to **SHIERA** and other associates of **SHIERA** whereby Associate 2 arranged for one of **SHIERA**'s companies to cover the cost of a hotel and rental car in Barcelona, Venezuela for Official D.

61.     On or about January 28, 2012, **SHIERA** responded to the e-mail referenced in Paragraph 60 above, and instructed Associate 2 to, as translated into English, "please do these things outside of accounting."

62.     On or about February 9, 2012, **RINCON** sent an e-mail to Official A, copying **SHIERA** and Associate 2, stating, as translated into English, "attached please find the Charge for Abraham's [SHIERA's] company," and directing Official A to assign the bidding process to Official D.

63.     On or about March 1, 2012, Official C sent an e-mail to **RINCON** attaching panel lists for a number of bidding processes that were in the request for

20

quotation phase. Three of the proposed panels included Rincon Company 3 and another Rincon company. Another proposed panel included Shiera Company 2, Rincon Company 1, Rincon Company 2, and another Rincon company. Another proposed panel included Rincon Company 2, Rincon Company 3, and another Rincon company.

64. On or about March 22, 2012, **SHIERA** sent an e-mail to Associate 2 and another associate of **SHIERA**, copying **RINCON**, responding to an e-mail chain about a turbogenerator process, stating that, as translated into English, "[Rincon Company 1] should win the process. According to what Roberto approved, the commission to [Shiera Company 1] is 5% of the purchase price. That is fair. Put this in the Synergy project report. RR [**ROBERTO RINCON**] pays the commissions to the allies."

65. On or about March 27, 2012, **SHIERA** sent an e-mail to **RINCON** and an associate of **SHIERA**, copying Associate 2, stating, as translated into English, "According to what was agreed with Roberto [**RINCON**], his companies will excuse themselves from these two processes. From ours, [Shiera Company 1] wins both."

66. On or about March 23, 2012, Official C issued an invoice from a company Official C co-owned with a relative to **RINCON** at Rincon Company 2,

21

billing $150,000 for purported services that were not actually performed, including "engineering services on drilling rig GP-20."

67. On or about April 24, 2012, **SHIERA** sent an e-mail to Official A, **RINCON**, and Associate 2 instructing Official A to "assign" a particular PDVSA contract to Official D for the assembly of the bid panel and informing Official A that Shiera Company 3 "wins" the project.

68. On or about April 27, 2012, **RINCON** caused $150,000 to be transferred from Rincon Company 2 to a bank account in the name of a company that Official C owned with a relative referencing the invoice referenced in Paragraph 66 above in exchange for Official C's assistance in connection with PDVSA contracts.

69. On or about May 7, 2012, Official C e-mailed **RINCON**, forwarding a response from his bank that the April 27, 2012 wire transfer referenced in Paragraph 68 above had not been credited to Official C's account because the account number had been incorrect in the wire transfer documentation, and including the correct wire information.

70. On or about May 8, 2012, **RINCON** caused $150,000 to be transferred from Rincon Company 2 to a bank account in the name of a company that Official C owned with a relative with the correct wire information contained in

22

Paragraph 69 above in exchange for Official C's assistance in connection with PDVSA contracts.

71.     On or about May 17, 2012, Official C sent an e-mail to **RINCON** and **SHIERA** attaching a list of various PDVSA contracts coming up for bid.

72.     On or about June 22, 2012, **SHIERA** sent an e-mail to Official C, instructing Official C to assign a particular bidding process to Official D.

73.     On or about June 22, 2012, Official C responded to the e-mail referenced in Paragraph 72 above, stating that Official C had already assigned the process to Official D, and noting, as translated into English, "I am waiting for you to send me the additional specifications of that case to submit them."

74.     On or about November 5, 2012, Rincon Company 3 sent PDVSA an invoice for partial payment on the purchase order referenced in Paragraph 53 above, based on supplying some of the equipment included in the purchase order.

75.     On or about December 18, 2012, the same day that PDVSA sent Rincon Company 3 approximately $331,246.01 as payment on two invoices, Rincon Company 3 sent $314,683.72 to Rincon Company 2.

76.     On or about December 19, 2012, Official C sent **RINCON** an e-mail attaching an invoice for $150,000 from a company Official C co-owned with a relative to **RINCON** at Rincon Company 2, billing $150,000 for purported

23

services that were not actually performed, including "Engineering Services Steem [sic] Generator Plants."

77.     On or about December 20, 2012, **RINCON** forwarded the December 19, 2012 invoice referenced in Paragraph 76 above to others at Rincon Company 2, including Associate 1, stating, as translated into English, "please proceed with the transfer."

78.     On or about December 21, 2012, **RINCON** caused $150,000 to be transferred from Rincon Company 2's bank account to a bank account in the name of a company that Official C owned with a relative in exchange for Official C's assistance in connection with PDVSA contracts.

79.     On or about February 20, 2013, **RINCON** sent Official C an e-mail stating, as translated into English, "send one for US $100,000.00."

80.     On or about February 28, 2013, Official C sent **RINCON** an e-mail attaching an invoice for $100,500, noting that the amount was, as translated into English, "to square away the H/H [hours per person] that I included in the former invoice."  The invoice was from a company Official C co-owned with a relative to **RINCON** at Rincon Company 2 for purported services that were not actually performed, including "Engineering Services Steem [sic] Generator Plants."

81.     On or about March 1, 2013, **RINCON** caused $100,460 to be transferred from a Panamanian bank account in the name of one of **RINCON**'s

24

companies to a bank account in the name of a company that Official C owned with a relative in exchange for Official C's assistance in connection with PDVSA contracts.

82.     On or about March 26, 2013, Official C sent an e-mail to **RINCON**, stating, as translated into English, "Good day, Boss, I'm sending you the personal information of the passengers," and providing dates of birth, passport numbers, and passport expiration dates for Official C, Official C's wife, Official A, Official B, and three others for an April trip to Miami, Florida.

83.     On or about January 3, 2014, **SHIERA** caused $15,000 to be transferred from a bank account in Panama in the name of Shiera Company 6 into a bank account in the Southern District of Texas held jointly in the name of Official E and a relative, in exchange for Official E's assistance in connection with PDVSA contracts.

84.     On or about January 7, 2014, **SHIERA** caused $15,000 to be transferred from a bank account in Panama in the name of Shiera Company 6 into a bank account in the Southern District of Texas held jointly in the name of Official E and a relative, in exchange for Official E's assistance in connection with PDVSA contracts.

All in violation of Title 18, United States Code, Section 371.

25

## COUNTS TWO – FIVE
### (Foreign Corrupt Practices Act – 15 U.S.C. § 78dd-2; 18 U.S.C. § 2)

85.    Paragraphs 1 through 23 and 25 through 84 are realleged and incorporated by reference as though fully set forth herein.

86.    On or about the dates set forth below, in the Southern District of Texas and elsewhere, the defendant,

**ROBERTO ENRIQUE RINCON FERNANDEZ,**

being a domestic concern and an officer, director, employee, agent, and shareholder of a domestic concern, and by aiding and abetting a domestic concern, did willfully use and cause to be used the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts

26

and decisions of such government and agencies and instrumentalities, in order to assist **RINCON**, **SHIERA**, and their U.S. companies in obtaining and retaining business for and with, and directing business to, **RINCON**, **SHIERA**, their companies, and others, as follows:

| COUNT | DATE | BRIBE PAYMENT |
|-------|------|---------------|
| Two | September 23, 2010 | $100,000 wire transfer from Rincon Company 4's bank account in Florida to Official C's bank account in the Southern District of Texas. |
| Three | April 12, 2011 | $200,000 check from **RINCON**'s bank account in the Southern District of Texas to a bank account in Florida in the name of a company owned by an associate of Official C. |
| Four | May 8, 2012 | $150,000 wire transfer from Rincon Company 2's bank account in the Southern District of Texas to a bank account in New York in the name of a company co-owned by Official C. |
| Five | December 21, 2012 | $150,000 wire transfer from Rincon Company 2's bank account in the Southern District of Texas to a bank account in Florida in the name of a company co-owned by Official C. |

All in violation of Title 15, United States Code, Section 78dd-2, and Title 18, United States Code, Section 2.

27

## COUNTS SIX – TEN
### (Foreign Corrupt Practices Act – 15 U.S.C. § 78dd-2; 18 U.S.C. § 2)

87.    Paragraphs 1 through 23 and 25 through 84 are realleged and incorporated by reference as through fully set forth herein.

88.    On or about the dates set forth below, in the Southern District of Texas and elsewhere, the defendant,

**ABRAHAM JOSE SHIERA BASTIDAS,**

being a domestic concern and an officer, director, employee, agent, and shareholder of a domestic concern, and by aiding and abetting a domestic concern, did willfully use and cause to be used the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts

28

and decisions of such government and agencies and instrumentalities, in order to assist **RINCON, SHIERA,** and their U.S. companies in obtaining and retaining business for and with, and directing business to, **RINCON, SHIERA,** their companies, and others, as follows:

| COUNT | DATE | BRIBE PAYMENT |
|-------|------|---------------|
| Six | October 18, 2010 | $25,000 wire transfer from Shiera Company 4's bank account in Panama to Official C's bank account in the Southern District of Texas. |
| Seven | June 6, 2011 | $15,000 wire transfer from Shiera Company 5's bank account in Panama to a bank account in the Southern District of Texas held jointly by Official E and a relative. |
| Eight | August 6, 2012 | $120,000 wire transfer from Shiera Company 6's bank account in Panama to a bank account in Florida in the name of a company Official C co-owned with a relative. |
| Nine | January 3, 2014 | $15,000 wire transfer from Shiera Company 6's bank account in Panama to a bank account in the Southern District of Texas held jointly by Official E and a relative. |
| Ten | January 7, 2014 | $15,000 wire transfer from Shiera Company 6's bank account in Panama to a bank account in the Southern District of Texas held jointly by Official E and a relative. |

All in violation of Title 15, United States Code, Section 78dd-2, and Title 18, United States Code, Section 2.

29

## COUNT ELEVEN
### (Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h))

89.    Paragraphs 1 through 23 and 25 through 84 are realleged and incorporated by reference as though fully set forth herein.

90.    From in or around 2009, and continuing through at least 2014, in the Southern District of Texas and elsewhere, the defendants,

**ROBERTO ENRIQUE RINCON FERNANDEZ**
**and**
**ABRAHAM JOSE SHIERA BASTIDAS,**

did knowingly conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, namely:

a.  knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct or attempt to conduct such a financial transaction which in fact represented the proceeds of specified unlawful activity, knowing that the transaction is designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, bribery of a foreign official, a felony violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and

30

78dd-3, and wire fraud, Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1956(a)(1)(B); and

b. to engage in a monetary transaction by, through and to a financial institution, in and affecting interstate and international commerce, in criminally derived property that was of a value greater than $10,000.00, that is, the deposit, withdrawal, transfer and exchange of United States currency, funds and monetary instruments, such property having been derived from specified unlawful activity, namely, bribery of a foreign official, a felony violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3, and wire fraud, Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

### Manner and Means of the Conspiracy

91. The manner and means by which **RINCON, SHIERA**, and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following, while in the Southern District of Texas and elsewhere:

92. **RINCON** and **SHIERA**, together with others, procured illegal proceeds from PDVSA by securing lucrative energy contracts from PDVSA through corrupt and fraudulent means, including by paying bribes to PDVSA officials.

93. RINCON and SHIERA, together with others, assisted certain PDVSA officials in opening bank accounts, including bank accounts outside of Venezuela, for the PDVSA officials to receive bribe payments.

94. RINCON and SHIERA, together with others, engaged in monetary transactions among their various companies designed to conceal the nature, source, and ownership of the proceeds of the specified unlawful activity.

95. RINCON and SHIERA, together with others, transferred money among and between the bank accounts of their respective companies in order to conceal the nature, source, and ownership of bribe payments to PDVSA officials.

96. RINCON and SHIERA, together with others, created false justifications for certain of the bribes, including invoices for services that were never performed, for the purpose of concealing and disguising the nature, source, and ownership of those bribe payments, which they referred to as "commissions."

97. RINCON and SHIERA, together with others, directed the wire transfer of, and caused to be wired, bribe payments from bank accounts which were frequently in the name of companies other than the companies being awarded PDVSA contracts, for the purpose of concealing and disguising the nature, source, and ownership of the bribe payments.

98. RINCON and SHIERA, together with others, directed bribe payments to be sent to various recipients other than the intended PDVSA officials,

32

including companies, relatives, friends, and close personal associates of the

PDVSA officials, for the purpose of concealing and disguising the nature, source,

and ownership of the bribe payments.

99. RINCON and SHIERA, together with others, engaged in monetary

transactions of a value greater than $10,000 using money procured through the

corrupt and fraudulent scheme.

All in violation of Title 18, United States Code, Section 1956(h).

33

## COUNTS TWELVE – FOURTEEN
**(Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 2)**

100.   Paragraphs 1 through 23, 25 through 84, and 91 through 99 are realleged and incorporated by reference as though fully set forth herein.

101.   On or about the dates set forth below, in the Southern District of Texas and elsewhere, the defendants,

**ROBERTO ENRIQUE RINCON FERNANDEZ
and
ABRAHAM JOSE SHIERA BASTIDAS,**

did knowingly conduct, and aid, abet, and cause others to conduct, and attempt to conduct, the following financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the financial transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, that is, a felony violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3, and wire fraud, Title 18, United States Code, Section 1343, as follows:

34

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| Twelve | October 20, 2011 | $5,700,800 wire transfer from Shiera Company 2's bank account in Florida to Rincon Company 2's bank account in the Southern District of Texas. |
| Thirteen | November 4, 2011 | $1,353,954.25 wire transfer from Shiera Company 2's bank account in Florida to Rincon Company 2's bank account in the Southern District of Texas. |
| Fourteen | January 17, 2012 | $1,479,716.03 wire transfer from Shiera Company 2's bank account in Florida to Rincon Company 2's bank account in the Southern District of Texas. |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

35

## COUNTS FIFTEEN – EIGHTEEN
### (Money Laundering – 18 U.S.C. § 1957; 18 U.S.C. § 2)

102.    Paragraphs 1 through 23, 25 through 84, and 91 through 99 are

realleged and incorporated by reference as though fully set forth herein.

103.    On or about the dates set forth below, in the Southern District of

Texas and elsewhere, the defendants,

**ROBERTO ENRIQUE RINCON FERNANDEZ**
**and**
**ABRAHAM JOSE SHIERA BASTIDAS,**

did knowingly engage, and aid, abet, and cause others to engage, and attempt to

engage in the following monetary transactions, by, through, and to a financial

institution, affecting interstate and foreign commerce, to wit: the deposit,

withdrawal, transfer and exchange of United States currency, funds and monetary

instruments, in criminally derived property of a value greater than $10,000, such

property having been derived from specified unlawful activity, that is, a felony

violation of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3,

and wire fraud, Title 18, United States Code, Section 1343, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| Fifteen | May 23, 2011 | $4,962,000 wire transfer from Rincon Company 1's bank account in the Southern District of Texas to a bank account in Switzerland in the name of Company Accountholder A. |

36

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| Sixteen | May 24, 2011 | $15,000,000 wire transfer from Rincon Company 1's bank account in the Southern District of Texas to a bank account in Switzerland in the name of Company Accountholder B. |
| Seventeen | June 17, 2011 | $2,428,005 wire transfer from Rincon Company 1's bank account in the Southern District of Texas to a bank account in Switzerland in the name of Company Accountholder A. |
| Eighteen | January 17, 2012 | $3,097,527 wire transfer from Shiera Company 2's bank account in Florida to a bank account in Switzerland in the name of Company Accountholder C. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

37

## NOTICE OF CRIMINAL FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

104.  Pursuant to Title 28, United States Code, Section 2461(c) and Title

18, United States Code, Section 981(a)(1)(C), the United States gives notice to the

defendants,

**ROBERTO ENRIQUE RINCON FERNANDEZ**
**and**
**ABRAHAM JOSE SHIERA BASTIDAS,**

that in the event of conviction of any of the offenses charged in Counts 1 through 10

of this Indictment, the United States intends to seek forfeiture of all property, real or

personal, which constitutes or is derived from proceeds traceable to such offenses.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(1))

105.  Pursuant to Title 18, United States Code, Section 982(a)(1), the

United States gives notice to the defendants,

**ROBERTO ENRIQUE RINCON FERNANDEZ**
**and**
**ABRAHAM JOSE SHIERA BASTIDAS,**

that upon conviction of any of the offenses charged in Counts 11 through 18 of this

Indictment, all property, real or personal, involved in money laundering offenses or

traceable to such property, is subject to forfeiture.

38

## Property Subject to Forfeiture

106.   Defendants are notified that the property subject to forfeiture includes,

but is not limited to, the following property:

    a.   Bank Account of Company Accountholder A at Credit Suisse in

       Switzerland, with an account number ending in 6032;

    b.   Bank Account of Company Accountholder B at Credit Suisse in

       Switzerland, with an account number ending in 9852;

    c.   Bank Account of Company Accountholder C at Credit Suisse in

       Switzerland, with an account number ending in 2004; and

    d.   Sunseeker Manhattan 73 Motor Yacht, Serial Number GB-XSK 05811

       J213, co-owned by **SHIERA**.

## Money Judgment

107.   Defendants are notified that upon conviction, a money judgment may

be imposed equal to the total value of the property subject to forfeiture, for which

the defendants may be jointly and severally liable.

## Substitute Asset Provision

108.   Defendants are notified that in the event that property subject to

forfeiture, as a result of any act or omission of defendants,

    a.   Cannot be located upon the exercise of due diligence;

39

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).


A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON


KENNETH MAGIDSON
UNITED STATES ATTORNEY

ANDREW WEISSMANN
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE


BY:  _____

JOHN P. PEARSON
DEPUTY CHIEF
ROBERT S. JOHNSON
ASSISTANT UNITED STATES
ATTORNEY

BY:  _____

AISLING O'SHEA
JEREMY R. SANDERS
TRIAL ATTORNEYS


40

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-3604-TORRES   (SEALED)


UNITED STATES OF AMERICA,
        Plaintiff,


V.


ABRAHAM JOSE SHIERA-BASTIDAS,
        Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.


Dated: 12/17/15


/s/ EDWIN G. TORRES
_____
**Edwin G. Torres**
**UNITED STATES MAGISTRATE JUDGE**

# MINUTE ORDER

## Magistrate Judge Edwin G. Torres

**King Building Courtroom 10-5**     Date: 12/17/15    Time: 2:00 p.m.

Defendant: Abraham Jose Shiera- Bastidas J#: 08915-104   Case #: 15-3604-TORRES SEALED

AUSA: Sean Cronin      Attorney: Raul Manon and Sam Rosenthal

Violation: WARR/INDICT/S/D/TX/CONSP to Violate FCPA/Commit Wire Fraud    Surr/Arrest Date: 12/16/2015    YOB: 1963

Proceeding: Initial Appearance      CJA Appt: _____

Bond/PTD Held: ☐ Yes ☐ No    Recommended Bond: _____

Bond Set at: _____    Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

Language: ENGLISH

Disposition:

Motion to Unseal GRANTED.

Counsel appear TEMPORARY.

Defendant held Temporary Pretrial

Detention @ Government request,

risk of flight.

**NEXT COURT APPEARANCE**   Date:    Time:    Judge:    Place:

Report RE Counsel: _____

*PTD Hearing:*   *12/22/15*    *10:00*    *Miami Duty*

*Removal Hearing:*    *12/22/15*    *10:00*    *Miami Duty*

Status Conference RE: _____

D.A.R. 14:25:06      Time in Court: 3

s/Edwin G. Torres      Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-3604/TORRES

United States of America

      Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

      Defendant.

_____/

### <u>NOTICE OF APPEARANCE</u>

Attorney P. Jan Kubicz of the law firm of Squire Patton Boggs (US) LLP files this Notice of Appearance as Attorney of Record for Abraham Jose Shiera-Bastidas in the above-styled case.

DATED: December 22, 2015        Respectfully submitted,

          *s/ Jan Kubicz*_____
          P. Jan Kubicz
          Florida Bar No. 84405
          **SQUIRE PATTON BOGGS (US) LLP**
          200 S. Biscayne Boulevard, Suite 4700
          Miami, FL 33131
          Telephone: 305-577-7000
          Facsimile: 305-577-7001
          Email: jan.kubicz@squirepb.com

          *Attorney for Abraham Jose Shiera-Bastidas*

- 1 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via

CM/ECF on all counsel or parties of record.


/s/ Jan Kubicz_____
Florida Bar No. 84405
Counsel for Defendant
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 577-2962
Facsimile: (305) 577-7001
Email: jan.kubicz@squirepb.com

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 15-3604-Torres

United States of America

     Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

     Defendant.

_____/

## MOTION TO APPEAR *PRO HAC VICE*,
## CONSENT TO DESIGNATION, AND REQUEST TO
## <u>ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING</u>

In accordance with Local Rules 4(b) of the Special Rules Governing the Admission and Practice of Attorneys of the United States District Court for the Southern District of Florida, the undersigned respectfully moves for the admission *pro hac vice* of Joseph Walker of the law firm of Squire Patton Boggs (US) LLP, 2550 M Street NW, Washington, DC 20037, (202) 457-6000, for purposes of appearance as co-counsel on behalf of Abraham Jose Shiera-Bastidas in the above-styled case only, and pursuant to Rule 2B of the CM/ECF Administrative Procedures, to permit Joseph Walker to receive electronic filings in this case, and in support thereof states as follows:

1.     Joseph Walker is not admitted to practice in the Southern District of Florida and is a member in good standing of The District of Columbia Bar1 and the United States District Court for the District of Columbia.[1]

---

1 Joseph Walker's Certificate of Good Standing with the District of Columbia Court of Appeals is being attached as an exhibit to the present motion.

2.  Movant, P. Jan Kubicz, Esquire, of Squire Patton Boggs (US) LLP, 200 South Biscayne Blvd., Suite 4700, Miami, Florida 33131, (305) 577-2962, is a member in good standing of The Florida Bar and the United States District Court for the Southern District of Florida and is authorized to file through the Court's electronic filing system. Movant consents to be designated as a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding the conduct of the case, upon whom filings shall be served, who shall be required to electronically file all documents and things that may be filed electronically, and who shall be responsible for filing documents in compliance with the CM/ECF Administrative Procedures. *See* Section 2B of the CM/ECF Administrative Procedures.

3.  In accordance with the local rules of this Court, Joseph Walker has made payment of this Court's $75 admission fee. A certification in accordance with Rule 4(b) is attached hereto.

4.  Joseph Walker, by and through designated counsel and pursuant to Section 2B CM/ECF Administrative Procedures, hereby requests the Court to provide Notice of Electronic Filings to Joseph Walker at email address: joseph.walker@squirepb.com.

WHEREFORE, P. Jan Kubicz, moves this Court to enter an Order for Joseph Walker, to appear before this Court on behalf of Abraham Jose Shiera-Bastidas, for all purposes relating to the proceedings in the above-styled matter and directing the Clerk to provide notice of electronic filings to Joseph Walker.

Date: December 22, 2015          Respectfully submitted,


/s/ Jan Kubicz
P. Jan Kubicz
Fla. Bar No. 84405

jan.kubicz@squirepb.com
Squire Patton Boggs (US) LLP
200 South Biscayne Blvd.
47th Floor
Miami, Florida  33131-2398
T - (305) 577-2962
F - (305) 577-7001
Attorneys for Abraham Jose Shiera-Bastidas

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 15-3604-Torres

United States of America

     Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

     Defendant.

_____/

### CERTIFICATION OF JOSEPH WALKER

Joseph Walker, Esq., pursuant to Rule 4(b) of the Special Rules Governing the Admission and Practice of Attorneys, hereby certifies that (1) I have studied the Local Rules of the United States District Court for the Southern District of Florida; and (2) I am a member in good standing of The District of Columbia Bar and the United States District Court for the District of Columbia.

_____

Joseph Walker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Appear *Pro Hac Vice*, Consent to Designation and Request to Electronically Receive Notices of Electronic Filings was served by the CM/ECF, on December 22, 2015, on all counsel or parties of record on the service list.

/s/ Jan Kubicz_____

P. Jan Kubicz, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 15-3604-Torres

United States of America

     Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

     Defendant.

_____/

## ORDER GRANTING MOTION TO APPEAR
## *PRO HAC VICE*, CONSENT TO DESIGNATION AND REQUEST TO
## ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING

THIS CAUSE having come before the Court on the Motion to Appear *Pro Hac Vice* for Joseph Walker, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing (the "Motion"), pursuant to the Special Rules Governing the Admission and Practice of Attorneys in the United States District Court for the Southern District of Florida and Section 2B of the CM/ECF Administrative Procedures. This Court having considered the motion and all other relevant factors, it is hereby

ORDERED AND ADJUDGED that:

The Motion is GRANTED. Joseph Walker, may appear and participate in this action on behalf of Abraham Jose Shiera-Bastidas. The Clerk shall provide electronic notification of all electronic filings to Joseph Walker, at joseph.walker@squirepb.com.

010-8175-2865/1/AMERICAS

DONE AND ORDERED in Chambers at _____, Florida, this

____ day of _____.


_____
United States District Judge

Copies furnished to: All Counsel of Record

# EXHIBIT



### District of Columbia Court of Appeals
#### Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, *JULIO A. CASTILLO*, Clerk of the District of Columbia Court of Appeals, do hereby certify that

## JOSEPH WALKER

was on **NOVEMBER 8, 1996** duly qualified and admitted as an attorney and counselor entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C, on **May 26, 2015** .

JULIO A. CASTILLO
Clerk of the Court

By: _____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 15-3604-Torres

United States of America

      Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

      Defendant.

_____/

### MOTION TO APPEAR *PRO HAC VICE*,
### CONSENT TO DESIGNATION, AND REQUEST TO
### ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING

In accordance with Local Rules 4(b) of the Special Rules Governing the Admission and Practice of Attorneys of the United States District Court for the Southern District of Florida, the undersigned respectfully moves for the admission *pro hac vice* of Samuel Rosenthal, Squire Patton Boggs (US) LLP, 2550 M Street NW, Washington, DC 20037, (202) 457-6000, for purposes of appearance as co-counsel on behalf of Abraham Jose Shiera-Bastidas in the above-styled case only, and pursuant to Rule 2B of the CM/ECF Administrative Procedures, to permit Samuel Rosenthal to receive electronic filings in this case, and in support thereof states as follows:

1.      Samuel Rosenthal is not admitted to practice in the Southern District of Florida and is a member in good standing of The District of Columbia Bar and the United States District Court for the District of Columbia.[1]

---

[1] Samuel Rosenthal's Certificate of Good Standing with the District of Columbia Court of Appeals is being attached as an exhibit to the present motion.

010-8175-2850/1/AMERICAS

2.      Movant, P. Jan Kubicz, Esq., of the law firm of Squire Patton Boggs (US) LLP, 200 South Biscayne Blvd., Suite 4700, Miami, Florida 33131-2398, (305) 577-2917, is a member in good standing of The Florida Bar and the United States District Court for the Southern District of Florida and is authorized to file through the Court's electronic filing system. Movant consents to be designated as a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding the conduct of the case, upon whom filings shall be served, who shall be required to electronically file all documents and things that may be filed electronically, and who shall be responsible for filing documents in compliance with the CM/ECF Administrative Procedures. *See* Section 2B of the CM/ECF Administrative Procedures.

3.      In accordance with the local rules of this Court, Samuel Rosenthal has made payment of this Court's $75 admission fee. A certification in accordance with Rule 4(b) is attached hereto.

4.      Samuel Rosenthal, by and through designated counsel and pursuant to Section 2B CM/ECF Administrative Procedures, hereby requests the Court to provide Notice of Electronic Filings to Samuel Rosenthal at email address: samuel.rosenthal@squirepb.com.

WHEREFORE, P. Jan Kubicz, moves this Court to enter an Order for Samuel Rosenthal, to appear before this Court on behalf of Abraham Jose Shiera-Bastidas, for all purposes relating to the proceedings in the above-styled matter and directing the Clerk to provide notice of electronic filings to Samuel Rosenthal.

Date: December 22, 2015         Respectfully submitted,

/s/ Jan Kubicz
P. Jan Kubicz
Fla. Bar No. 84405

010-8175-2850/1/AMERICAS

63

jan.kubicz@squirepb.com
Squire Patton Boggs (US) LLP
200 South Biscayne Blvd.
Suite 4700
Miami, Florida  33131-2398
T - (305) 577-2962
F – (305) 577-7001
Attorneys for Abraham Jose Shiera-Bastidas

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 15-3604-Torres**

United States of America

     Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

     Defendant.

_____/

## CERTIFICATION OF SAMUEL ROSENTHAL

Samuel Rosenthal, Esq., pursuant to Rule 4(b) of the Special Rules Governing the Admission and Practice of Attorneys, hereby certifies that (1) I have studied the Local Rules of the United States District Court for the Southern District of Florida; and (2) I am a member in good standing of The District of Columbia Bar and the United States District Court for the District of Columbia.

_____
Samuel Rosenthal

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Appear *Pro Hac Vice*, Consent to Designation and Request to Electronically Receive Notices of Electronic Filings was served by the CM/ECF, on December 22, 2015, on all counsel or parties of record on the service list.

/s/ Jan Kubicz _____

P. Jan Kubicz, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 15-3604-Torres

United States of America

      Plaintiff,

vs.

Abraham Jose Shiera-Bastidas

      Defendant.

_____/

### ORDER GRANTING MOTION TO APPEAR
### *PRO HAC VICE*, CONSENT TO DESIGNATION AND REQUEST TO
### ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING

THIS CAUSE having come before the Court on the Motion to Appear *Pro Hac Vice* for Samuel Rosenthal, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing (the "Motion"), pursuant to the Special Rules Governing the Admission and Practice of Attorneys in the United States District Court for the Southern District of Florida and Section 2B of the CM/ECF Administrative Procedures. This Court having considered the motion and all other relevant factors, it is hereby

ORDERED AND ADJUDGED that:

The Motion is GRANTED. Samuel Rosenthal, may appear and participate in this action on behalf of Abraham Jose Shiera-Bastidas. The Clerk shall provide electronic notification of all electronic filings to Samuel Rosenthal, at samuel.rosenthal@squirepb.com.

010-8175-2850/1/AMERICAS

DONE AND ORDERED in Chambers at _____, Florida, this

____ day of _____.

_____
United States District Judge

Copies furnished to: All Counsel of Record

# EXHIBIT



District of Columbia Court of Appeals
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

 

I, *JULIO A. CASTILLO*, Clerk of the District of Columbia Court of Appeals, do hereby certify that

## SAMUEL ROSENTHAL

was on **DECEMBER 11, 1980** duly qualified and admitted as an attorney and counselor entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C, on **DECEMBER 22 , 2015** .

JULIO A. CASTILLO
Clerk of the Court

By: _____
Deputy Clerk

# COURT MINUTES

## Magistrate Judge Jonathan Goodman

**King Building Courtroom 11-3**　　　　Date: 12/22/15　　Time: 10:00 a.m.

Defendant: Abraham Shiera-Bastidas　　J#: 08915-104　　Case #: 15-3604-Torres

AUSA: _Sean Cronin_　　　　Attorney: Raul Manon (TEMP)/Sam Rosenthal (TEMP)

Violation: Warr/Indict/S/D/TX/Conspiracy to Violate FCPA and Commit Wire Fraud

Proceeding: PTD Hearing/Removal Hearing　　　　CJA Appt: _____

Bond/PTD Held: ⊙ Yes　⊙ No　　　Recommended Bond: Temp PTD

Bond Set at: _Temp PTD_　　　　Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

Language: English

☑ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☑ Random urine testing by Pretrial Services _____ Treatment as deemed necessary

☑ Refrain from excessive use of alcohol

☑ Participate in mental health assessment & treatment

☑ Maintain or seek full-time employment/education

☑ No contact with victims/witnesses

☑ No firearms

☑ Not to encumber property

☑ May not visit transportation establishments

☑ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☑ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☑ Travel extended to: _____

☑ Other: _____

Disposition:

_Parties request matters be reset to 12/28 for PTD and Removal Hearings_

**NEXT COURT APPEARANCE**　　Date:　　　Time:　　　Judge:　　　Place:

Report RE Counsel: _____

PTD/Bond Hearing: _12/28_　_10 AM_　_Duty_　_Mia_

Prelim/Arraign or Removal: _12/28_　_10 AM_　_Duty_　_Mia_

Status Conference RE: _____

D.A.R. _10:07:47_　　　　Time in Court: _3 Mins_

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ABRAHAM JOSE SHIERA-BASTIDAS

Criminal Case No.: 1:15-MJ-03604-EGT-1

## DEFENDANT ABRAHAM SHIERA'S MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE

COMES NOW Defendant ABRAHAM JOSE SHIERA-BASTIDAS ("Mr. Shiera"), by and through undersigned counsel and pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, and respectfully requests that the Court grant him release pending trial in the Southern District of Texas. In support, Defendant states:

## ARGUMENT AND MEMORANDUM OF LAW

### INTRODUCTION

The Bail Reform Act of 1984 commands that a defendant is entitled to bail pending trial unless "*no condition or combination of conditions* will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e) (emphasis added). To the extent conditions are appropriate, a judicial officer must take care to select "*the least restrictive* . . . condition, or combination of conditions" that will reasonably assure appearance. *Id.* at § 3142(c)(1)(B) (emphasis added).

Because a condition or combination of conditions would reasonably assure Mr. Shiera's appearance at trial, both the Bail Reform Act and the Constitution prohibit pretrial detention of

1

5049867

Mr. Shiera.   As the Supreme Court has admonished, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."   *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The Pretrial Services Report ("PTR") in this case recommends pretrial release on a corporate surety bond with a Nebbia condition, cosigned by Mr. Shiera's wife and other cosigners, along with other specific restrictions.  The Court should follow this recommendation and order Mr. Shiera's pretrial release.  As discussed below and reflected by the PTR, Mr. Shiera is a respected businessman living in Florida in the same household as his entire immediate family, other than his adult sons.  Mr. Shiera's wife, 5 year-old son, who is a U.S. citizen, and 14-year-old step-son, all live in that household with him.   In addition, his principal place of residence is in the United States, as are his principal business interests, each of which has substantial property and assets in the United States.  Even if such factors were insufficient to warrant immediate release—although we believe that they are—any combination of available bail conditions would reasonably assure Mr. Shiera's appearance at trial, including a financial bond in an amount to be set by the Court, co-signed and collateralized, pretrial reporting and/or monitoring as required by the Court, and the surrender of all travel documents.  These conditions are in line with the pretrial release recommendation contained in the PTR.  These conditions are also in line with pretrial release conditions imposed on similarly situated defendants in the Southern District of Florida and across the country, as discussed below, and would be more than sufficient to meet the standard for pre-trial release under the Bail Reform Act and the U.S. Constitution.

To be sure, Mr. Shiera was indicted by the grand jury for the Southern District of Texas, and charged essentially with violating the Foreign Corrupt Practices Act and engaging in money

2

5049867

laundering related to that crime. Apart from the unproven allegations in the Indictment, however, Mr. Shiera has never been involved in any criminal proceeding—not even a minor violation, and has very substantial ties to the community. All of the factors to be considered under the Bail Reform Act and U.S. Constitution militate strongly in favor of pre-trial release, particularly when considered in the context of the bail package set forth at length below.

**REASONS THE APPLICATION SHOULD BE GRANTED**

I.       **MR. SHIERA IS NOT A FLIGHT RISK, AND THE PROPOSED PRETRIAL RELEASE CONDITIONS WOULD REASONABLY ASSURE HIS IN-COURT APPEARANCE**

The U.S. Supreme Court has previously explained that "[f]rom the passage of the Judiciary Act of 1789 . . . to the present . . . federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction . . . Unless this right to bail before trial is preserved, the presumption of innocence secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle,* 342 U.S. 1, 4 (1951). Consistent with these basic principles, the Bail Reform Act *presumes* release unless the government meets its burden of proving that Mr. Shiera is a serious flight risk *and* that no combination of conditions would reasonably assure his appearance at trial. *See* 18 U.S.C. § 3142(e); *United States v. Ceballo*, No. 12-80211-CR-Hurley/Hopkins, 2012 U.S. Dist. LEXIS 184999 *14-15 (S.D. Fla. Dec. 14, 2012). *See also United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). The Bail Reform Act further provides that if conditions are to be applied, they must be the "least restrictive" required. 18 U.S.C. § 3142(c)(1)(B). *See also United States v. Price*, 773 F.2d 1526, 1528 (11th Cir. 1985).

3

As to the first factor—the risk of flight—even without the proposed bail package, we would be constrained to point out that opportunity to flee—assuming *arguendo* one even exists—is not equivalent to proclivity to flee. *See United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986) (reversing detention order and finding that the "[m]ere opportunity for flight is not sufficient grounds for pre-trial detention."). Mr. Shiera's conduct in this case—and prior to this case—fails to offer even a scintilla of evidence suggesting that he has the proclivity to flee. And without the proclivity to flee, not even an opportunity to flee would warrant pre-trial detention.

As stated above, even if there were a proclivity to flee—which there plainly is not—that does not justify pre-trial detention. The Bail Reform Act makes crystal clear that a finding of "flight risk" is only the beginning of the analysis, not the end. The statute unequivocally requires that even if a court does make a "flight risk" determination, that court must still consider whether there are conditions of pretrial release that will nevertheless reasonably assure the defendant's appearance. 18 U.S.C. § 3142(e).

In *United States v. Berrios-Berrios*, 791 F.2d 246, 251 (2d Cir. 1986), the Second Circuit reversed the district court's pretrial detention order because it failed "to explain on the record the extent to which it considered any alternatives to incarceration and, if so, on what basis they were rejected." *Id*. As the court explained, "[c]onsideration of such alternatives is no less important because the district court found that Berrios poses a risk of flight; many courts have set bail for defendants despite their propensity to flee." *Id*.

Additionally, "[t]he standard is reasonably assure appearance, not 'guarantee' appearance, and . . . detention can be ordered on this ground only if 'no condition or combination of conditions will reasonably assure the appearance.'" *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (quoting the Bail Reform Act). If the government needed to show

4

merely that release conditions could "guarantee" a defendant's appearance, "the burden on the government in most cases to show a defendant's dangerousness and flight propensity would be lessened considerably[.]" *United States v. Orta*, 760 F.2d 887, 892 (8th Cir. 1985). And finally, as the Eighth Circuit has explained, "[t]he structure of the [Bail Reform Act] mandates every form of release be considered before detention may be imposed." *Orta*, 760 F.2d at 892. *See also United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (reversing detention order although defendant was an Iranian citizen who had access to large amounts of money in foreign nations and he stood accused of exporting military items to Iran, finding that "[r]elease pending trial is governed by the Bail Reform Act of 1984 which . . . mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.").

Similarly, in *United States v. Sabhnani*, 493 F.3d 63 (2d Cir. 2007), the Second Circuit reversed the District Court's holding that no conditions would assure the appearance of wealthy defendants who had multiple international ties to Europe and the Middle East. Even more than those enjoyed by Mr. Shiera, the defendants in *Sabhnani* allegedly had "vast financial resources" and "personal and professional contacts with numerous foreign countries," including the Kingdom of Bahrain, Qatar, and the United Arab Emirates, countries with which the United States has no extradition treaties. In the District Court's initial determination that pretrial detention was proper, the Judge explained that home detention was impracticable due the cost of monitoring the defendants' children. However, the Second Circuit found that, while the District Court did not err in finding risk of flight, it did err in finding by a preponderance of the evidence that no conditions would secure the defendants' appearance because (1) defendants were willing to surrender their passports, (2) they would be subject to home confinement with electronic

5

monitoring and unannounced visits by Pretrial Services, and (3) they agreed to 24-hour surveillance. *Id*. at 77. Accordingly, there was "no reason in this case to think that the proposed conditions of home confinement cannot reasonably mitigate any concerns about defendants' risk of flight." *Id*. at 78.

The same principles apply here.

## II. ANALYSIS OF SECTION 3142(g) FACTORS SUPPORTING PRE-TRIAL RELEASE.

In considering whether any conditions of release would "reasonably assure" the defendant's appearance at trial, the Bail Reform Act mandates that the Court consider a number of factors under Section 3142(g), including: the nature and circumstances of the offense, the history and characteristics of the person, including his ties to the community, and whether the individual poses a danger to the community. 18 U.S.C. § 3142(g).[1] The Government bears the burden of showing that none of these factors can "reasonably" assure the defendant's appearance. *U.S. v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986); *U.S. v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

### A. Mr. Shiera's Ties to the Community Are Substantial and Militate in Favor of Bail.

A factor to be considered is whether the defendant has "ties to the community." Here, this factor overwhelmingly militates in favor of granting pre-trial release. The ties in this case include (l) his closest family members, (2) real property, and (3) very substantial business assets. Each are discussed below.

---

[1] Notably, these factors, while important, do not ameliorate the mandatory nature of § 3142(e). Although they should be "take[n] into account," bail is still mandated unless "*no condition or combination of conditions* will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *Id*. at § 3142(e) (emphasis added).

6

### 1. Family Members are Located in the United States

Courts often look to a defendant's family ties to the community.  *See e.g., Ceballo* at *16; *U.S. v. Giordano*, 370 F. Supp. 2d 1256, 1267 (S.D. Fla. 2005); *U.S. v. Sudeen*, No. 02-062 SECTION "L" (5), 2002 U.S. Dist. LEXIS 5061 *7-8 (E.D. La. Mar. 14, 2002). Those ties here include all of Mr. Shiera's immediate family.   In fact, virtually every one of his closest family members are located in the United States, including:

- Alexandra Shiera, Mr. Shiera's wife, who is a permanent resident of the United States.

- Fabian, Mr. Shiera's son, who is 5 years old, and a US citizen.

- Carlos, Mr. Shiera's son, who is 24 years old, and living in Boston.

- Fedeerico, Mr. Shiera's step-son, who is 14 years old, and living with Mr. Shiera.

With the exception of Carlos, Mr. Shiera is living with all of the above individuals **at his home in Florida.**  Accordingly, Mr. Shiera's status as a foreign national here on a visa should not cloud the essential fact:  his immediate family which he loves and whom he cherishes are right here in the United States.

### 2. Mr. Shiera owns substantial property in the United States.

In addition to family ties, courts also consider whether a defendant has real property or other assets in the United States.  *See, e.g., Ceballo* at *11-12; *Giordano* at 1267.  Again, this factor weighs strongly in favor of releasing Mr. Shiera, who owns a home in Coral Gables, Florida, where he lives with his family.  This Coral Gables home constitutes Mr. Shiera's principal place of residence.   In addition to his home, Mr. Shiera also purchased the adjoining lot, with the intention of expanding his home sometime in the future.   Both his home and adjoining lot have a value of approximately $3 million.  *See* PTR at 3.

7

### 3. Mr. Shiera Owns Substantial Business Interests in the United States.

Another factor to be considered is whether there are other ties to the community, such as business interests. *See, e.g., United States v. Ramirez*, No. 09-20295-CR-SEITZ, 2010 U.S. Dist. LEXIS 87665 *6 (S.D. Fla. July 29, 2010) (noting that "Defendant was self-employed at the time of his arrest, in a business that had little to no value.").  Once again, such ties exist in this case, and militate in favor of release.

Mr. Shiera owns several companies (along with others).  These include the following:

      Northland Automation and Services, located in Florida.

      Lam GroupCorp., located in Florida.

      ISSGI, located in Florida.

      Merla Wellhead Solutions. located in Texas.

These companies have substantial assets in the United States and employ numerous individuals.

### B. Any Combination of Bail Conditions Would Be More Than Sufficient to Assure Mr. Shiera's Appearance.

Where appropriate, a judicial officer must take care to select "*the least restrictive . . .* condition, or combination of conditions" that will reasonably assure appearance.  18 U.S.C. § 3142(c)(1)(B) (emphasis added).  Here, there exist several reasonable conditions that that the Court could impose upon Mr. Shiera's release:

1.  Mr. Shiera could provide a personal recognizance bond of $2.5 million to be cosigned by three financially responsible individuals, including Mr. Shiera's wife and his two adult children, and to be collateralized by Mr. Shiera's Coral Gables home and/or any additional amount set by the Court.

2.  Mr. Shiera will remain in and may not leave the District designated by the Court, and abide by all other travel and movement restrictions the court may impose.

8

3. Mr. Shiera will not directly or indirectly associate or have contact with his codefendant.

4. Mr. Shiera will surrender any and all passports to the FBI.

5. Mr. Shiera will submit himself to pretrial reporting and/or monitoring as required by the Court.

Mr. Shiera will agree to any combination of the above terms to secure his release pending trial, including any additional conditions required by the Court. Similar pretrial release recommendations are reflected by Mr. Shiera's PTR. PTR at 4-5.

### C. Neither the Charges Against Mr. Shiera Nor His Citizenship Merit a Contrary Result.

Of course, the Court must consider the charges against the accused and his citizenship under 18 U.S.C. § 3142(g). *See, e.g., United States v. Al-Arian*, 280 F. Supp. 2d 1345, 1351-55 (M.D. Fla. 2003). Case law makes clear, however, that the type of charges here—non-violent crimes not fitting any of the remaining specified categories—cannot trump other facts militating in favor of bail. *See, e.g.*, *Giordano* at 1258 ("The statutory scheme as currently constructed, however, does not support the stronger part of the Government's case that the threat of continuing economic fraud triggers a right to detention."). Similarly, Mr. Shiera's citizenship—while relevant—is hardly controlling, and indeed, is outweighed by the fact that he is living in the United States with his family.

### 1. The Criminal Charges Are Not Controlling.

Recently, some of the largest criminal schemes have resulted in determinations that the lead defendants should nevertheless be released on bond. *See, e.g., United States v. Jeffrey Skilling, United States v. Kenneth Lay*, 4:04-cr-00025 (S.D. Tex.) (defendants, charged with overseeing a massive conspiracy, were released with conditions prior to trial); *United States v.*

9

*Richard Scrushy*, 2:03-cr-00530 (N.D. Ala.) (indictment charged defendant with scheme to defraud investors and sought forfeiture of over $278 million in assets with a maximum possible sentence of 650 years in prison and $36 million in fines; defendant was released with conditions prior to trial); *United States v. Bernard Ebbers*, 1:02-cr-01144 (S.D.N.Y.) (defendant was charged with conspiracy and securities fraud in connection with the collapse of WorldCom, and was released with conditions prior to trial.).

Many defendants indicted under the Foreign Corrupt Practices Act have also enjoyed pretrial release under conditions similar to those proposed by Mr. Shiera. For instance: *United States v. Joel Esquenazi, Carlos Rodrigues*, *et al.*, No. 09-cr-21010-JEM (S.D. Fla.) involved an extensive bribery scheme involving officials in Haiti's government-owned telecommunications company. The defendants were granted pretrial release on bond, despite the fact that several co-Defendants (Jean Rene Duperval and Robert Antoine) had close connections to Haiti. *See* Exhibit A. *See also United States v. Esquenazi*, 752 F.3d 912 (11th Cir. 2014) (affirming convictions). Another recent FCPA prosecution from the Southern District of Florida involved Latin Node Inc. ("LatiNode"), a telecommunications company accused of bribing officials in Honduras. Several LatiNode officers were indicted, and all enjoyed pretrial release on bond. *United States v. Manuel Salvoch*, No. 10-cr-20893 (S.D. Fla.); *United States v. Juan Pablo Vazquez*, No. 10-cr-20894 (S.D. Fla.); *United States v. Jorge Granados* and *Manuel Caceres*, No. 10-cr-20881 (S.D. Fla.). *See* Exhibit B. Southern District of Florida precedent regarding individuals facing similar charges to Mr. Shiera therefore counsels in favor of pretrial release in this case.

Many courts outside the Southern District have similarly permitted the pretrial release of FCPA defendants. For instance, *United States v. Benito Chinea*, No. 14-CR-240-DLC

10

(S.D.N.Y.) and *United States v. Ernesto Lujan*, No. 13-CRIM-671 (S.D.N.Y.) involved bribes paid to officials of Venezuela's state-owned bank in exchange for bond trading work. Chinea and Lujan were granted bail and released pending trial. *See* Exhibit C. In another recent FCPA prosecution, *United States v. Knut Hammarskjold*, No. 1:14-cr-00065 (D. N.J.) and *United States v. Joseph Sigelman*, No. 14-CR-00263-JEI (D. N.J.), two former executives of a British Virgin Islands oil and gas company also eventually received bond amidst allegations of bribing officials from Colombia's state-owned oil company. *See* Exhibit D. Mr. Shiera, who is similarly situated to these individuals, should likewise be granted pretrial release.

### 2. Mr. Shiera's Citizenship is Not Controlling.

After applying the Section 3142(g) factors, multiple courts reviewing bail requests from similarly-situated defendants have granted bail with appropriate conditions. Many of these cases have involved foreign citizens with far less ties to the United States than those enjoyed by Mr. Shiera.

In *Truong Dinh Hung v. United States*, 439 U.S. 1326 (1978) (Brennan, J.) (granting bail), the defendant was denied bail because he was a citizen of Vietnam who had no permanent residence in the United States, he had convicted of transmitting classified information to the Vietnamese ambassador in Paris, and the United States would have no means to procure his return for sentencing if he returned to Vietnam. *Hung*, 439 U.S. at 1327. Justice Brennan nevertheless found that while such considerations "suggest opportunities for flight, they hardly establish an inclination on the part of the applicant to flee." *Id.* at 1329. Hung's ties to the United States, his close relationship with his sister, the equity in his sister's house that had been posted as collateral for the bond, and the affidavits showing Hung's character and reliability as a risk for bail called for a continuation of bail at $250,000.

There are a large number of cases dealing with schemes having a far greater impact than that alleged here, and involving foreign nationals, who were nevertheless granted pre-trial release. For instance, in the "Libor-fixing scheme" impacting large segments of the world-wide financial system, a British trader was released on a $500,000 personal appearance bond secured only by $40,000 in cash, and even allowed to keep his passport for travel between the United States, Great Britain and France. *See United States v. Robson, et al.*, Docket No. 1:14-mj-0069A (S.D. N.Y.) (granting bail as to defendant Conti) (attached as Exhibit E). And in *United States v. Tappin*, No. 3:07-000249 (W.D. Tex.), the defendant, a citizen of Great Britain, was accused of trying to illegally export components of Hawk Air Missiles, yet the Court granted pre-trial release based principally on a $1,000,000 bond secured by $50,000, together with electronic monitoring. *See* Exhibit F.

Other examples abound. *See, e.g.*, *United States v. Birmingham, et al.*, No. H:02-cr-00597 (S.D. Tex.) (as to defendant Mulgrew: British banker granted bail in an "Enron-like" scheme based on a personal appearance bond of $1,000,000 secured by $200,000) (attached as Exhibit G); *United States v. Paltzer*, 1:13-cr-00282 (S.D. N.Y.) (U.S. defendant who was a resident of Switzerland was extradited in a case alleging massive concealment of assets in Switzerland to avoid U.S. tax laws; defendant was granted pre-trial release based on a $2,000,000 personal appearance bond secured by a piece of art) (attached as Exhibit H); *United States v. Norris*, No. 2:03-cr-00632-ER (E.D. Pa.) (bail granted as to the CEO of a company located outside the U.S. in large price fixing scheme based on a personal appearance bond of $1,000,000 secured by $200,000 cash) (attached as Exhibit I).

Bond was also preferred over pretrial detention in *U.S. v. Zollino*, No. SA-01-CR-180 (1) EP, 2001 U.S. Dist. LEXIS 6193 (W.D. Tex. Apr. 19, 2001), a case featuring "serious fraud and

12

money laundering offenses involving millions of dollars of missing investments[.]" *Id.* at *1. Zollino was "a foreign national with frequent foreign travel and wealthy family members in Mexico, and [faced] a significant prison sentence, fines and restitution if convicted." *Id.* On these facts, the *Zollino* magistrate rejected the Government's position that pretrial detention was required. *Id.* at *3-4. Instead, the magistrate ordered the defendant to "disclose the particulars of his financial situation in sufficient detail to enable me to determine a bond amount that will reasonably ensure that the threat of loss of the security posted will serve as an adequate deterrent to defendant's flight."[2] *Id.* at *3.

Mr. Shiera's citizenship is therefore not a controlling factor. Instead, this Court should look to Mr. Shiera's community ties, U.S. business activities, and assets. This Court should also look to the recommendation of pretrial release contained in Mr. Shiera's PTR. These factors compel the finding that Mr. Shiera is not a flight risk, and pretrial release under reasonable bond conditions is therefore appropriate in this case.

## CONCLUSION

For the aforementioned reasons, the application for bail should be granted.

Dated: December 24, 2015.

Respectfully submitted,

/s/ Samuel Rosenthal
Samuel Rosenthal, Esq.
*Admitted Pro Hac Vice*
samuel.rosenthal@squirepb.com
Joseph Walker, Esq.

---

[2] Zollino failed to comply with this order, and the district court eventually ordered detention. *United States v. Zollino*, 31 Fed. Appx. 159 (5th Cir. 2001) (unpublished opinion), opinion *available at* http://www.ca5.uscourts.gov/opinions/unpub/01/01-51114.0.wpd.pdf

13

*Admitted Pro Hac Vice*
joseph.walker@squirepb.com
Squire Patton Boggs LLP
2550 M Street NW
Washington DC 20037
(202) 457-6000

P. Jan Kubicz, Esq.
FL Bar No. 84405
jan.kubicz@squirepb.com
Squire Patton Boggs LLP
200 South Biscayne Blvd, Suite 4700
Miami, FL 33131
T - (305) 577-2962

*Counsel for Defendant Abraham Shiera*

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum in

Support of Pretrial Release was served by the CM/ECF, on December 24, 2015, on all counsel or

parties of record on the service list.

/s/ Jan Kubicz_____
P. Jan Kubicz, Esq.

5049867

# EXHIBIT A

2255,APPEAL,BNDDUTY,BNDWCT,CMM,INTERPRETER,PAW

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:09-cr-21010-JEM All Defendants

Case title: USA v. Esquenazi et al                    Date Filed: 12/04/2009

Assigned to: Judge Jose E. Martinez
Referred to: Magistrate Judge Patrick A.
White

Appeals court case number: 11-15331-
CC USCA

### Defendant (1)

**Joel Esquenazi**                    represented by **Michael James Rosen**
57400-112                                             Michael J. Rosen
Tallahassee                                           2937 SW 27 Avenue
Federal Correctional Institution                      Suite 101
Inmate Mail/Parcels                                   Miami, FL 33133
501 Capital Circle NE                                 305-446-6116
Tallahassee, FL 32301                                 Fax: 305-446-6150
*TERMINATED: 10/26/2011*                              Email: mjr@mjrosenlaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      Designation: Retained

                                                      **Richard John Diaz**
                                                      3127 Ponce De Leon Boulevard
                                                      Coral Gables, FL 33134-6816
                                                      305-444-7181
                                                      Fax: 444-8178
                                                      Email: Rick@rjdpa.com
                                                      *TERMINATED: 10/13/2011*
                                                      Designation: Retained

### Pending Counts                                    ### Disposition

18:371.F CONSPIRACY TO DEFRAUD                        Imprisonment: 60 months, to be served
THE UNITED STATES                                     concurrently to each other. Supervised
(1)                                                   Release: 3 years, all to run concurrently.
                                                      Assessment: $2,100. Restitution:
                                                      2,200,000.

15:78D.F FOREIGN SECURITIES                           Imprisonment: 60 months, to be served
EXCHANGES -VIOLATION OF                               concurrently to each other. Supervised
FOREIGN CORRUPT PRACTICES                             Release: 3 years, all to run concurrently.

Email: vivian.rosado@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2009 | 1 | MOTION to Seal by USA as to Joel Esquenazi, Carlos Rodriguez, Robert Antoine, Jean Rene Duperval, Marguerite Grandison. Responses due by 12/21/2009 (gm1) (Entered: 12/08/2009) |
| 12/04/2009 | 2 | ORDER granting 1 Motion to Seal as to Joel Esquenazi (1), Carlos Rodriguez (2), Robert Antoine (3), Jean Rene Duperval (4), Marguerite Grandison (5). Signed by Magistrate Judge Peter R. Palermo on 12/4/2009. (gm1) (Entered: 12/08/2009) |
| 12/04/2009 | 3 | INDICTMENT as to Joel Esquenazi (1) count(s) 1, 2-8, 9, 10-21, Carlos Rodriguez (2) count(s) 1, 2-8, 9, 10-21, Robert Antoine (3) count(s) 9, Jean Rene Duperval (4) count(s) 9, 10-21, Marguerite Grandison (5) count(s) 1, 2-8, 9, 10-21 AND FORFEITURE. (gm1) (Entered: 12/08/2009) |
| 12/04/2009 | | Arrest of Jean Rene Duperval (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 9 | ORDER UNSEALING CASE as to Joel Esquenazi, Carlos Rodriguez, Robert Antoine, Jean Rene Duperval, Marguerite Grandison. Signed by Magistrate Judge Robert L. Dube on 12/7/2009. (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 10 | Minute Entry for proceedings held before Magistrate Judge Robert L. Dube: Initial Appearance as to Carlos Rodriguez held on 12/7/2009. Case Unsealed. (Digital 14:55:54.) (Tape #09RLD-17 and 18-1.) (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 11 | Order on Initial Appearance as to Carlos Rodriguez for proceeding held on 12/7/2009. Attorney Arturo V. Hernandez for Carlos Rodriguez added for the defendant. Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Maintain or actively seek full-time employment;May travel to and from SD/FL and must notify Pretrial Services of travel plans before leaving and upon return;Comply with additional conditions of bond - Electronic Monitoring paid by defendant. Bond as to Carlos Rodriguez (2) $50,000 CSB w/Nebbia, $100,000 10% w/Nebbia and $100,000 PSB co-signed by co-owner of home. Bond to be posted within 24 hours. Tape #09RLD-17 and 18-1 (Digital 14:55:54.) Arraignment set for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing set for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate. Signed by Magistrate Judge Robert L. Dube on 12/7/2009. (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 12 | Report Commencing Criminal Action as to Jean Rene Duperval - DOB: **/**/1966 Prisoner #: 82799-004 (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 13 | Minute Entry for proceedings held before Magistrate Judge Robert L. Dube: Initial Appearance as to Jean Rene Duperval held on 12/7/2009 (Digital 14:18:44.) (Tape #09RLD-17 and 18-1.) (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 14 | Order on Initial Appearance as to Jean Rene Duperval for proceeding held on 12/7/2009. Bond as to Jean Rene Duperval (4) temporary pretrial detention. Tape #09RLD-17 and 18-1 (Digital 14:18:44.) Arraignment set for 12/14/2009 10:00 AM in Miami Division before Duty Magistrate. Detention Hearing set for |

| | | |
|---|---|---|
| | | 12/14/2009 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing set for 12/14/2009 10:00 AM in Miami Division before Duty Magistrate. Signed by Magistrate Judge Robert L. Dube on 12/7/2009. (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 15 | Minute Entry for proceedings held before Magistrate Judge Robert L. Dube: Initial Appearance as to Marguerite Grandison held on 12/7/2009 (Digital 14:18:44.) (Tape #09RLD-17 and 18-1.) (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 16 | Order on Initial Appearance as to Marguerite Grandison for proceeding held on 12/7/2009. Attorney David Jonathon Joffe for Marguerite Grandison added for the defendant. Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Comply with additional conditions of bond - Electronic monitoring pad by defendant; Bond as to Marguerite Grandison (5) $50,000 CSB w/Nebbia to be posted within 48 hours. Tape #09RLD-17 and 18-1 (Digital 14:18:44.) Arraignment set for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing set for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate. Signed by Magistrate Judge Robert L. Dube on 12/7/2009. (gm1) (Entered: 12/08/2009) |
| 12/07/2009 | 17 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: David Jonathon Joffe appearing for Marguerite Grandison (gm1) (Entered: 12/08/2009) |
| 12/09/2009 | 18 | NOTICE OF ATTORNEY APPEARANCE Nicola J. Mrazek appearing for USA. (Mrazek, Nicola) (Entered: 12/09/2009) |
| 12/09/2009 | 19 | NOTICE OF ATTORNEY APPEARANCE Kevin B. Gerrity appearing for USA. (Gerrity, Kevin) (Entered: 12/09/2009) |
| 12/10/2009 | 20 | $50,000.00 CSB Bond Entered as to Marguerite Grandison. Approved by Magistrate Judge Robert L. Dube. Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed and comply with additional conditions of bond: electronic monitoring paid for by the defendant based on his ability to pay. (cg1) (Entered: 12/10/2009) |
| 12/12/2009 | | Arrest of Robert Antoine (gm1) (Entered: 12/16/2009) |
| 12/14/2009 | 21 | STIPULATION *Regarding Nebbia* by Carlos Rodriguez (Hernandez, Arturo) (Entered: 12/14/2009) |
| 12/14/2009 | 22 | NOTICE OF ATTORNEY APPEARANCE: Arturo V. Hernandez appearing for Carlos Rodriguez *as Trial Counsel* (Hernandez, Arturo) (Entered: 12/14/2009) |
| 12/14/2009 | 23 | Minute Entry for proceedings held before Magistrate Judge William C. Turnoff: Status Conference as to Jean Rene Duperval held on 12/14/2009, in re arraignment, pretrial detention and report re csl ( Arraignment reset for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate., Detention Hearing reset for 12/30/2009 01:30 PM in Miami Division before Duty Magistrate., Report Re: Counsel Hearing reset for 12/30/2009 01:30 PM in Miami Division before Duty Magistrate.) (Digital 10:17:47 & 10:22:17.) (Tape #09G-70-289.) (nf) (Entered: 12/14/2009) |
| 12/14/2009 | 24 | Report Commencing Criminal Action as to Robert Antoine - DOB: **/**/1948 Prisoner #: 86708-004 (gm1) (Entered: 12/16/2009) |

| 12/14/2009 | 25 | Minute Entry for proceedings held before Magistrate Judge William C. Turnoff: Initial Appearance as to Robert Antoine held on 12/14/2009 (Digital 14:34:42 / 14:45:00.) (Tape #09G-72-89 and 175.) (gm1) (Entered: 12/16/2009) |
| --- | --- | --- |
| 12/14/2009 | 26 | Order on Initial Appearance as to Robert Antoine for proceeding held on 12/14/2009. Attorney Dennis Gary Kainen for Robert Antoine added for the defendant. Bond as to Robert Antoine (3) $1,000,000 10% w/Nebbia. Defendant to deposit $100,000 - conditions to be set when nebbia satisfied. Tape #09G-72-89 and 175 (Digital 14:34:42 / 14:45:00.) Arraignment set for 12/28/2009 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing set for 12/18/2009 10:00 AM in Miami Division before Duty Magistrate. Signed by Magistrate Judge William C. Turnoff on 12/14/2009. (gm1) (Entered: 12/16/2009) |
| 12/16/2009 | 27 | Arrest Warrant returned executed on 12/12/09 as to Robert Antoine re 6 Arrest Warrant Issued (tp) (Entered: 12/16/2009) |
| 12/17/2009 | 28 | Minute Entry for proceedings held before Magistrate Judge William C. Turnoff: Nebbia Hearing as to Robert Antoine held on 12/17/2009. Bond Hearing as to Robert Antoine held on 12/17/2009. Nebbia proffer provided on the record. Defendant's daughter, Daphne Antoine, sworn and testified. Government raises its concerns stated on the record re source of some of the funds in proffer. Court accepts Nebbia proffer by defense. Nebbia Satisfied. Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Comply with additional conditions of bond - Home Confinement/Electronic Monitoring paid by defendant; Travel restricted to SD/FL. Bond set as to Robert Antoine (3) $1,000,000 10%. ( Arraignment set for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate., Report Re: Counsel Hearing set for 1/5/2010 10:00 AM in Miami Division before Duty Magistrate.) (Digital 14:58:36 / 15:29:43.) (Tape #09G-77.) (gm1) (Entered: 12/18/2009) |
| 12/17/2009 | 29 | $1,000,000.00 10% PSB Bond Entered as to Robert Antoine Receipt # 233417 through 233429. Approved by Magistrate Judge William C. Turnoff Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Home Confinement Program/Electronic Monitoring paid for by the defendant with Home Detention except for medical needs, court appearances, attorney visits, religious services with advance notice to pretrial services.Comply with additional conditions of bond - Travel restricted to SD/FL; All standard conditions. (gm1) BOND CONDITIONS MODIFIED 98 on 2/4/2010 (lw1). (Entered: 12/18/2009) |
| 12/18/2009 | 30 | Minute Entry for proceedings held before Magistrate Judge William C. Turnoff: Status Conference as to Robert Antoine held on 12/18/2009, Report Re: Counsel Hearing reset for 1/5/2010 at 10:00 am in Miami Division before Duty Magistrate. (Digital 10:30:00.) (Tape #09-G-78.) (lcs) (Entered: 12/21/2009) |
| 12/21/2009 | 31 | Rule 5(c)(3)/ Rule 40 Documents received from Central District of California by Joel Esquenazi (tp) (Entered: 12/22/2009) |
| 12/23/2009 | 32 | ORDER CLARIFYING BOND CONDITIONS as to Marguerite Grandison. The following bond condition is hereby clarified: 1) Defendant Grandison's curfew shall be from 10:00 p.m. to 6:30 a.m.; 2) All other terms and conditions of the bond previously imposed by this Court shall remain in full force and effect. |

| | | |
|---|---|---|
| | | Signed by Magistrate Judge Robert L. Dube on 12/23/2009. (eg1) (Entered: 12/23/2009) |
| 12/23/2009 | 34 | Arrest Warrant returned executed on 12/07/09 as to Carlos Rodriguez re 5 Arrest Warrant Issued (tp) (Entered: 12/28/2009) |
| 12/23/2009 | 35 | Arrest Warrant returned executed on 12/06/09 as to Jean Rene Duperval re 7 Arrest Warrant Issued (tp) (Entered: 12/28/2009) |
| 12/28/2009 | 33 | NOTICE OF ATTORNEY APPEARANCE: Roderick Darrell Vereen appearing for Marguerite Grandison (Vereen, Roderick) (Entered: 12/28/2009) |
| 12/30/2009 | 36 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Joseph David Wentworth Beeler appearing for Jean Rene Duperval (Beeler, Joseph David) (Entered: 12/30/2009) |
| 12/30/2009 | 37 | AFFIDAVIT by Jean Rene Duperval signed by : sixteen persons. (Beeler, Joseph David) (Entered: 12/30/2009) |
| 12/30/2009 | 38 | PRETRIAL MEMORANDUM *in opposition to Government's motion for pretrial detention* by Jean Rene Duperval (Beeler, Joseph David) (Entered: 12/30/2009) |
| 12/30/2009 | 39 | Minute Entry for proceedings held before Ch. Magistrate Judge Stephen T. Brown: Detention Hearing as to Jean Rene Duperval held on 12/30/2009. Defendant held in Temporary Pretrial Detention. Report Re: Counsel Hearing as to Jean Rene Duperval held on 12/30/2009. Matter continued. (Arraignment continued to 1/6/2010 at 10:00 AM in Miami Division before Ch. Magistrate Judge Stephen T. Brown., Report Re: Counsel Hearing continued to 1/6/2010 at 10:00 AM in Miami Division before Ch. Magistrate Judge Stephen T. Brown.) (Digital 14:27:52.) (Tape #09D-56.) (lw1) (Entered: 01/04/2010) |
| 12/30/2009 | 40 | Defendant's EXHIBIT LIST with attached Deft's Exhibit 1 as to Jean Rene Duperval from 12/30/09 Hearing 39 before Ch. Magistrate Judge Stephen T. Brown. (lw1) (Entered: 01/04/2010) |
| 01/04/2010 | 41 | MOTION to Modify Conditions of Release *Electronic Monitoring Schedule* by Carlos Rodriguez. Responses due by 1/21/2010 (Attachments: # 1 Text of Proposed Order)(Hernandez, Arturo) (Entered: 01/04/2010) |
| 01/05/2010 | 42 | Minute Entry for proceedings held before Magistrate Judge Barry L. Garber: Status Conference re report re counsel and arraignment as to Robert Antoine held on 1/5/2010. Counsel requests continuance. ( Arraignment RESET for 1/19/2010 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing RESET for 1/19/2010 10:00 AM in Miami Division before Duty Magistrate.) (Digital 10:09:59.) (Tape #10BLG-1.) (gm1) (Entered: 01/05/2010) |
| 01/05/2010 | 43 | Minute Entry for proceedings held before Magistrate Judge Barry L. Garber: Arraignment as to Marguerite Grandison (5) Count 1,2-8,9,10-21 held on 1/5/2010. Reading of Inditment waived. Not Guilty plea entered Jury trial demanded. SDO requested. Bond set at $50K CBS with nebbia. (Digital 10:04:39.) (Tape #10-BLG-1.) (ag) (Entered: 01/05/2010) |
| 01/05/2010 | 44 | ARRAIGNMENT INFORMATION SHEET Not Guilty Plea entered as to counts Marguerite Grandison (5) Count 1,2-8,9,10-21. Court accepts plea. Arraignment held on 1/5/2010 before Magistrate Judge Barry L. Garber. Defense Counsel |

| | | |
|---|---|---|
| | | Roderick D. Vereen, Attorney.Bond set/continued $50K CBS with nebbia. Tape #10-BLG-1 (Digital 10:04:39.) (ag) (Entered: 01/05/2010) |
| 01/05/2010 | 45 | Minute Entry for proceedings held before Magistrate Judge Barry L. Garber: Arraignment as to Carlos Rodriguez (2) Count 1,2-8,9,10-21 held on 1/5/2010, Motion Hearing as to Carlos Rodriguez held on 1/5/2010 re 41 GRANTING MOTION to Modify Conditions of Release *Electronic Monitoring Schedule* filed by Carlos Rodriguez (Digital 10:08:33.) (Tape #10-BLG-1.) (ag) (Entered: 01/05/2010) |
| 01/05/2010 | 46 | ARRAIGNMENT INFORMATION SHEET Not Guilty Plea entered as to counts Carlos Rodriguez (2) Count 1,2-8,9,10-21. Court accepts plea. Arraignment held on 1/5/2010 before Magistrate Judge Barry L. Garber. Arturo Hernandez, Defense Counsel for Defendant Carlos Rodriguez. Tape #10-BLG-1 (Digital 10:08:33.) (ag) (Entered: 01/05/2010) |
| 01/05/2010 | 47 | ORDER as to Carlos Rodriguez re 41 GRANTING MOTION to Modify Conditions of Release re:Electronic Monitoring Schedule filed by Carlos Rodriguez. The Defendant's daily home detention schedule is modified to 7:00AM to 11:00PM, including weekends. Further, the defendant be allowed to travel within the State of Florida with advance notice to his electronic monitoring supervisor, Torres. Signed by Magistrate Judge Barry L. Garber on 1/5/2010. (ag) (Entered: 01/05/2010) |
| 01/05/2010 | 48 | STANDING DISCOVERY ORDER as to Carlos Rodriguez, Marguerite Grandison. All motions concerning matters not covered by this order must be filed within 28 days of this order. Signed by Magistrate Judge Barry L. Garber on 1/5/2010. (ag) (Entered: 01/05/2010) |
| 01/06/2010 | 49 | Minute Entry for proceedings held before Ch. Magistrate Judge Stephen T. Brown: Bond Hearing as to Jean Rene Duperval held on 1/6/2010, Bond set as to Jean Rene Duperval (4) $525K PSB, $75K 10% Nebbia & $400K PSB (Digital 10:09:10.) (Tape #10-D-1.) (sl) (Entered: 01/07/2010) |
| 01/06/2010 | 50 | AMENDED Minute Entry for proceedings held before Ch. Magistrate Judge Stephen T. Brown: Bond Hearing as to Jean Rene Duperval held on 1/6/2010 (Amended to delete education requirement) (Digital 10:09:10.) (Tape #10-D-1.) (sl) (Entered: 01/07/2010) |
| 01/06/2010 | 63 | SECOND AMENDED Minute Entry for proceedings held before Ch. Magistrate Judge Stephen T. Brown: Detention Hearing as to Jean Rene Duperval held on 1/6/2010 (amended to add condition: surrender travel documents (Digital 10:09:10.) (Tape #10-D-1.) (sl) (Entered: 01/14/2010) |
| 01/07/2010 | 51 | MOTION to transfer related case *and notice of related case* by USA as to Joel Esquenazi, Carlos Rodriguez, Robert Antoine, Jean Rene Duperval, Marguerite Grandison. Responses due by 1/25/2010 (Attachments: # 1 Text of Proposed Order)(Fagan, Aurora) (Entered: 01/07/2010) |
| 01/11/2010 | 52 | NOTICE OF ATTORNEY APPEARANCE: Richard John Diaz appearing for Joel Esquenazi (Diaz, Richard) (Entered: 01/11/2010) |
| 01/11/2010 | 53 | Order on Initial Appearance as to Joel Esquenazi for proceeding held on 1/11/2010 Special Conditions: Surrender all passports and travel documents to the |

|  |  | Pretrial Services Office;Report to Pretrial Services as directed;Maintain or actively seek full-time employment;Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;Curfew from 11:00 pm to 7:00 amComply with additional conditions of bondto reside at present address as to Joel Esquenazi (1) $150,000 CSB continued from other district. Arraignment held. Tape #10-FX-3-1212 (Digital 13:4314.). Signed by Magistrate Judge Andrea M. Simonton on 1/11/2010. (tp) (Entered: 01/12/2010) |
| 01/11/2010 | 54 | NOTICE OF ATTORNEY APPEARANCE: Richard John Diaz appearing for Joel Esquenazi (tp) (Entered: 01/12/2010) |
| 01/11/2010 | 58 | Minute Entry for proceedings held before Magistrate Judge Andrea M. Simonton: Initial Appearance as to Joel Esquenazi held on 1/11/2010 (Digital 13:43:14.) (Tape #10-FX-3.) (sl) (Entered: 01/12/2010) |
| 01/12/2010 | 55 | ARRAIGNMENT INFORMATION SHEET Not Guilty Plea entered as to counts Joel Esquenazi (1) Count 1,2-8,9,10-21. Court accepts plea. Arraignment held on 1/12/2010 before Magistrate Judge Andrea M. Simonton. Tape #10-FX-3-1212 (Digital 13:43:14.) (tp) (Entered: 01/12/2010) |
| 01/12/2010 | 56 | STANDING DISCOVERY ORDER as to Joel Esquenazi. All motions concerning matters not covered by this order must be filed within 28 days of this order.. Signed by Magistrate Judge Andrea M. Simonton on 1/11/2010. (tp) (Entered: 01/12/2010) |
| 01/12/2010 | 57 | $150,000 CSB Bond Entered as to Joel Esquenazi Approved by Magistrate Judge Andrea M. Simonton Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Maintain or actively seek full-time employment;Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;Home Confinement Program with curfew from 11:00 pm to 7:00 am (tp) (Entered: 01/12/2010) |
| 01/12/2010 | 59 | STIPULATION *Regarding Nebbia* by Jean Rene Duperval (Beeler, Joseph David) (Entered: 01/12/2010) |
| 01/13/2010 | 60 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Joel Esquenazi (Diaz, Richard) (Entered: 01/13/2010) |
| 01/14/2010 | 61 | ORDER granting 51 Motion to transfer related case as to Joel Esquenazi (1), Carlos Rodriguez (2), Robert Antoine (3), Jean Rene Duperval (4), Marguerite Grandison (5). Signed by Judge Marcia G. Cooke on 1/14/2010. (im) (Entered: 01/14/2010) |
| 01/14/2010 | 62 | $100,000 10% PSB Bond Entered as to Carlos Rodriguez Receipt # 233405. Approved by Magistrate Judge Chris M. McAliley (sl) (Entered: 01/14/2010) |
| 01/14/2010 | 64 | Case as to Joel Esquenazi, Carlos Rodriguez, Robert Antoine, Jean Rene Duperval, Marguerite Grandison transferred to Judge Jose E. Martinez per Order at DE 61 . Judge Marcia G. Cooke no longer assigned to the case. (bb) (Entered: 01/15/2010) |
| 01/15/2010 | 65 | MOTION for Protective Order by USA as to Joel Esquenazi, Carlos Rodriguez, Robert Antoine, Jean Rene Duperval, Marguerite Grandison. Responses due by |

| | | 2/1/2010 (Attachments: # 1 Text of Proposed Order)(Fagan, Aurora) (Entered: 01/15/2010) |
|---|---|---|
| 01/15/2010 | 66 | $75,000 10% PSB Bond Entered as to Jean Rene Duperval Receipt # 233450 and 233451. Approved by Magistrate Judge Andrea M. Simonton (sl) (Entered: 01/18/2010) |
| 01/15/2010 | 67 | $525,000 PSB Bond Entered as to Jean Rene Duperval Approved by Magistrate Judge Andrea M. Simonton (sl) (Entered: 01/18/2010) |
| 01/15/2010 | 68 | NEBBIA PROFFER by Jean Rene Duperval (sl) (Entered: 01/18/2010) |
| 01/15/2010 | 69 | ORDER TRANSFERRING CASE as to Joel Esquenazi, Carlos Rodriguez, Robert Antoine, Jean Rene Duperval, Marguerite Grandison to Judge Jose E. Martinez for all further proceedings, accepted and signed on 1/15/10.. Signed by Judge Marcia G. Cooke on 1/14/2010. (tp) (Entered: 01/19/2010) |
| 01/19/2010 | 70 | Minute Entry for proceedings held before Magistrate Judge John J. O'Sullivan: Status re Report re Counsel and Arraignment as to Robert Antoine held on 1/19/2010, ( Arraignment reset for 2/9/2010 10:00 AM in Miami Division before Duty Magistrate., Report Re: Counsel Hearing reset for 2/9/2010 10:00 AM in Miami Division before Duty Magistrate.) (Digital 10:26:38.) (Tape #10-A-4.) (ks) (Entered: 01/19/2010) |
| 01/19/2010 | 71 | Minute Entry for proceedings held before Magistrate Judge John J. O'Sullivan: Status re Report re Counsel and Arraignment as to Jean Rene Duperval held on 1/19/2010, ( Arraignment reset for 2/9/2010 10:00 AM in Miami Division before Magistrate Judge John J. O'Sullivan., Report Re: Counsel Hearing reset for 2/9/2010 10:00 AM in Miami Division before Duty Magistrate.) (Digital 10:27:18.) (Tape #10-A-4.) (ks) (Entered: 01/19/2010) |
| 01/19/2010 | 72 | First RESPONSE to Standing Discovery Order by USA as to Marguerite Grandison (Gerrity, Kevin) (Entered: 01/19/2010) |
| 01/19/2010 | 73 | First RESPONSE to Standing Discovery Order by USA as to Carlos Rodriguez (Gerrity, Kevin) (Entered: 01/19/2010) |
| 01/20/2010 | 74 | PROTECTIVE ORDER Regulating Disclosure of Sensitive Information granting 65 Motion for Protective Order as to Joel Esquenazi (1), Carlos Rodriguez (2), Robert Antoine (3), Jean Rene Duperval (4), Marguerite Grandison (5). Signed by Judge Jose E. Martinez on 1/19/2010. (tp) (Entered: 01/20/2010) |
| 01/20/2010 | 75 | ORDER SETTING CRIMINAL TRIAL DATE & PRETRIAL SCHEDULE: as to Joel Esquenazi, Carlos Rodriguez, Marguerite Grandison Calendar Call set for 2/25/2010 01:30 PM in Miami Division before Judge Jose E. Martinez. Jury Trial set for 3/1/2010 09:30 AM in Miami Division before Judge Jose E. Martinez.Signed by Judge Jose E. Martinez on 1/19/2010. (wh) (Entered: 01/20/2010) |
| 01/25/2010 | 76 | First RESPONSE to Standing Discovery Order by USA as to Joel Esquenazi (Mrazek, Nicola) (Entered: 01/25/2010) |
| 01/26/2010 | 77 | Unopposed MOTION to Modify Conditions of Release by Jean Rene Duperval. Responses due by 2/12/2010 (Bergendahl, John) (Entered: 01/26/2010) |

# EXHIBIT B

BNDDUTY, INTERPRETER, WCT

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:10-cr-20881-JAL All Defendants

Case title: USA v. Granados et al                Date Filed: 12/14/2010

Assigned to: Judge Joan A. Lenard

### Defendant (1)

**Jorge Granados**                    represented by  **John William Wylie , IV**
96168-004                                            John W. Wylie, P.A.
*YOB: 1955; English*                                 Bank of America Tower
                                                     100 S.E. 2nd Street
                                                     Suite 2700
                                                     Miami, FL 33131
                                                     305-358-6767
                                                     Fax: 305-358-6765
                                                     Email: jww@johnwylielaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Retained*

                                                     **Hector L. Flores**
                                                     William R. Barzee, P.A.
                                                     40 NW Third Street
                                                     Miami, FL 33128
                                                     305-374-3998
                                                     Fax: 379-6668
                                                     Email: hectorflores@barzeeflores.com
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Temporary*

                                                     **Robin Ellen Kaplan**
                                                     David Oscar Markus, PLLC
                                                     40 N.W. Third Street
                                                     Courthouse Center
                                                     Penthouse One
                                                     Miami, FL 33128
                                                     305-379-6667
                                                     Fax: 305-379-6668
                                                     Email: rkaplan@markuslaw.com

4/5/2011          CM/ECF - Live Database - flsd

## Terminated Counts          Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints          Disposition

None

## Plaintiff

**USA**          represented by **Amanda Aikman**
U.S. Department of Justice
Criminal Division
1400 New York Avenue, NW
Third Floor
Washington, DC 20005
(202) 514-3740
Email: amanda.aikman@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jeffrey H. Knox**
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2010 | 1 | MOTION to Seal by USA as to Jorge Granados, Manuel Caceres. Responses due by 1/3/2011 (gml) (Entered: 12/21/2010) |
| 12/14/2010 | 2 | ORDER granting 1 Motion to Seal as to Jorge Granados (1), Manuel Caceres (2). Signed by Magistrate Judge William C. Turnoff on 12/14/2010. (gml) (Entered: 12/21/2010) |
| 12/14/2010 | 3 | INDICTMENT as to Jorge Granados (1) count(s) 1, 2-13, 14, 15-19, Manuel Caceres (2) count(s) 1, 2-13, 14, 15-19 AND FORFEITURE. (gml) (Entered: 12/21/2010) |
| 12/14/2010 | | Attorney update in case as to Jorge Granados, Manuel Caceres. Attorney Amanda Aikman for USA added per DE 3 . (gme) (Entered: 12/29/2010) |
| 12/20/2010 | 6 | ORDER UNSEALING CASE as to Jorge Granados, Manuel Caceres. Signed by Magistrate Judge Jonathan Goodman on 12/20/2010. (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 7 | Report Commencing Criminal Action as to Jorge Granados - YOB: **/**/1955 Prisoner #: 96168-004 (gml) (Entered: 12/21/2010) |

| 12/20/2010 | | Arrest of Jorge Granados (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 8 | Minute Entry for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance as to Jorge Granados held on 12/20/2010. (Digital 13:39:42 / 14:57:06 / 15:24:37.) (Tape #10JG-25 and 26.) (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 9 | Order on Initial Appearance as to Jorge Granados for proceeding held on 12/20/2010 Attorney Robin Ellen Kaplan for Jorge Granados added for the defendant. Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services as directed;**g.** Maintain or actively seek full-time employment;**k.** None of the signatories may sell, pledge, mortgage, etc., any property they own, real or personal, until the bond is discharged;**l.** May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;**n.** Home Confinement Program with Electronic Monitoring with curfew from 10 pm to 6 am;**q.** Comply with additional conditions of bond - phone line must be set up before release. Bond as to Jorge Granados (1) $50,000 10% and $150,000 PSB co-signed by Marta Granados, Adolfo Granados and Elvia Pelaez. Arraignment set for 1/3/2011 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing set for 1/3/2011 10:00 AM in Miami Division before Duty Magistrate. Signed by Magistrate Judge Jonathan Goodman on 12/20/2010. (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 10 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Robin Ellen Kaplan appearing for Jorge Granados (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 11 | $150,000 PSB Bond Entered as to Jorge Granados Approved by Magistrate Judge Jonathan Goodman Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services as directed;**g.** Maintain or actively seek full-time employment;**l.** May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;**n.** Home Confinement Program/Electronic Monitoring with curfew from 10 pm to 6 am with GPS;**q.** Comply with additional conditions of bond - Not to encumber property; Phone line must be installed prior to release; Travel restricted to Southern District of Florida. GPS monitoring. Defendant can be released before GPS established, but will remain on home confinement until then. (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 12 | $50,000 10% PSB Bond Entered as to Jorge Granados Receipt # FLS100011517. Approved by Magistrate Judge Jonathan Goodman Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services as directed;**g.** Maintain or actively seek full-time employment;**l.** May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.; Travel restricted to Southern District of Florida;**n.** Home Confinement Program/Electronic Monitoring with curfew from 10 pm to 6 am with GPS;**q.** Comply with additional conditions of bond - Defendant may be released before GPS established but will be on home confinement until GPS is established. Phone line must be installed prior to release. (gml) (Entered: 12/21/2010) |

| 12/20/2010 | 13 | Report Commencing Criminal Action as to Manuel Caceres - YOB: **/**/1946 Prisoner #: Not Provided (gml) (Entered: 12/21/2010) |
| --- | --- | --- |
| 12/20/2010 | | Arrest of Manuel Caceres (gml) (Entered: 12/21/2010) |
| 12/20/2010 | 14 | Minute Entry for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance as to Manuel Caceres held on 12/20/2010. (Digital 13:39:42 / 14:53:26.) (Tape #10JG-25.) (gml) (Entered: 12/21/2010) |
| 12/20/2010 | 15 | Order on Initial Appearance as to Manuel Caceres for proceeding held on 12/20/2010 Attorney Sky Elliot Smith for Manuel Caceres added for the defendant. Bond as to Manuel Caceres (2) temporary pretrial detention. Arraignment set for 12/27/2010 10:00 AM in Miami Division before Duty Magistrate. Detention Hearing set for 12/27/2010 10:00 AM in Miami Division before Duty Magistrate. Report Re: Counsel Hearing set for 12/27/2010 10:00 AM in Miami Division before Duty Magistrate. Signed by Magistrate Judge Jonathan Goodman on 12/20/2010. (gml) (Entered: 12/21/2010) |
| 12/20/2010 | 16 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Sky Elliot Smith appearing for Manuel Caceres (gml) (Entered: 12/21/2010) |
| 12/20/2010 | 18 | AMENDED BOND: $150,000.00 PSB Bond Entered as to Jorge Granados Approved by Magistrate Judge Jonathan Goodman Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services as directed;**g.** Maintain or actively seek full-time employment;**l.** May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;**n.** Home Confinement Program: w/ Electronic Monitoring until GPS established (within 3 days) and shall be paid by Defendant; curfew is 10pm - 6am; **q.** Comply with additional conditions of bond; not to encumber property used to collaterize bond; phone line must be installed prior to release.(mso) (Entered: 12/28/2010) |
| 12/20/2010 | 19 | AMENDED BOND: $50,000.00 10% PSB Bond Entered as to Jorge Granados Approved by Magistrate Judge Jonathan Goodman Special Conditions: **a.** Surrender all passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services as directed;**g.** Maintain or actively seek full-time employment;**l.** May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;**n.** Home Confinement Program: w/ Electronic Monitoring until GPS established (within 3 days) and shall be paid by Defendant; curfew is 10pm - 6am; **q.** Comply with additional conditions of bond; not to encumber property used to collaterize bond; phone line must be installed prior to release.(mso) (Entered: 12/28/2010) |
| 12/27/2010 | 17 | Minute Entry for proceedings held before Ch. Magistrate Judge Stephen T. Brown: Status Conference re: Report Re: Counsel, Arraignment and Pretrial Detention as to Manuel Caceres held on 12/27/2010, Bond set as to Manuel Caceres (2) Stipulated $50K 10% Nebbia & $150K PSB Nebbia, ( Arraignment set for 1/6/2011 10:00 AM in Miami Division before Duty Magistrate., Report Re: Counsel Hearing set for 1/6/2011 10:00 AM in Miami Division before Duty Magistrate.). Spanish Interpreter present. (Digital 10:19:39.) (Tape #10-D-54.) (ail) (Entered: 12/28/2010) |

| 12/27/2010 | 20 | Minute Entry for proceedings held before Ch. Magistrate Judge Stephen T. Brown: Nebbia Hearing as to Manuel Caceres held, the court did not find the nebbia satisfied. The court rejected the partie's stipulated bond and held the deft., in TEMPORARY PRETRIAL DETENTION on 12/27/2010. Spanish Interpreter present. (Digital 14:55:10.) (Tape #10D-55-1.) (nf) (Entered: 12/28/2010) |
| 12/28/2010 | 21 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Richard Alan Sharpstein appearing for Manuel Caceres (dm) (Entered: 12/29/2010) |
| 12/31/2010 | 22 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Hugo A. Rodriguez appearing for Manuel Caceres (Rodriguez, Hugo) (Entered: 12/31/2010) |
| 01/03/2011 | 23 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Hector L. Flores appearing for Jorge Granados (pf) (Entered: 01/03/2011) |
| 01/03/2011 | 24 | Minute Entry for proceedings held before Magistrate Judge Andrea M. Simonton: Status Conference as to Jorge Granados held on 1/3/2011, ( Arraignment reset for 1/14/2011 10:00 AM in Miami Division before Magistrate Judge Andrea M. Simonton., Report Re: Counsel Hearing reset for 1/14/2011 10:00 AM in Miami Division before Duty Magistrate.). (Digital 10 15 14.) (Tape #11FX-116.) (pf) (Entered: 01/03/2011) |
| 01/03/2011 | 25 | Unopposed MOTION to Continue Arriagment & Report Re Counsel Hearing by Manuel Caceres. Responses due by 1/20/2011 (Rodriguez, Hugo) (Entered: 01/03/2011) |
| 01/04/2011 | 26 | PAPERLESS ORDER granting 25 Motion to Continue Hearing as to Manuel Caceres (2)( Arraignment set for 1/11/2011 10:00 AM in Miami Division before Duty Magistrate., Report Re: Counsel Hearing set for 1/11/2011 10:00 AM in Miami Division before Duty Magistrate.). Signed by Magistrate Judge Andrea M. Simonton on 1/4/2011. (AMS) (Entered: 01/04/2011) |
| 01/05/2011 | 27 | PAPERLESS NOTICE OF HEARING as to Manuel Caceres Bond Hearing set for 1/11/2011 11:00 AM in Miami Division before Ch. Magistrate Judge Stephen T. Brown. (sl) (Entered: 01/05/2011) |
| 01/10/2011 | 28 | PAPERLESS NOTICE OF HEARING as to Manuel Caceres Bond Hearing reset for 1/13/2011 02:30 PM in Miami Division before Ch. Magistrate Judge Stephen T. Brown. (sl) (Entered: 01/10/2011) |
| 01/11/2011 | 29 | Minute Entry for proceedings held before Magistrate Judge John J. O'Sullivan: Arraignment as to Manuel Caceres (2) Count 1,2-13,14,15-19 held on 1/11/2011, ( Bond Hearing set for 1/13/2011 02:30 PM in Miami Division before Ch. Magistrate Judge Stephen T. Brown.). (Digital 10:06:31.) (Tape #11-A-2.) (yc) (Entered: 01/11/2011) |
| 01/11/2011 | 30 | NOTICE OF PERMANENT ATTORNEY APPEARANCE: Hugo A. Rodriguez appearing for Manuel Caceres (yc) (Entered: 01/11/2011) |
| 01/11/2011 | 31 | ARRAIGNMENT INFORMATION SHEET Not Guilty Plea entered as to counts Manuel Caceres (2) Count 1,2-13,14,15-19. Court accepts plea. Arraignment held on 1/11/2011 before Magistrate Judge John J. O'Sullivan (yc) (Entered: 01/11/2011) |

| | | |
|---|---|---|
| | | 1/11/2011 before Magistrate Judge John J. O'Sullivan. (yc) (Entered: 01/11/2011) |
| 01/11/2011 | 32 | STANDING DISCOVERY ORDER as to Manuel Caceres. All motions concerning matters not covered by this order must be filed within 28 days of this order. Signed by Magistrate Judge John J. O'Sullivan on 1/11/2011. (yc) (Entered: 01/11/2011) |
| 01/13/2011 | 33 | NOTICE OF ATTORNEY APPEARANCE: John William Wylie, IV appearing for Jorge Granados (Wylie, John) (Entered: 01/13/2011) |
| 01/13/2011 | 35 | Minute Entry for proceedings held before Magistrate Judge John J. O'Sullivan: Bond Hearing as to Manuel Caceres held on 1/13/2011, the Court reinstated the parties requested bond; Nebbia Hearing as to Manuel Caceres held on 1/13/2011, Nebbia satisfied; Bond set as to Manuel Caceres (2) $150K & $50K 10% Nebbia. Spanish Interpreter present. (Digital 14:29:49.) (Tape #10D-58.) (sl) (Entered: 01/14/2011) |
| 01/14/2011 | 34 | Minute Entry for proceedings held before Magistrate Judge John J. O'Sullivan: Arraignment as to Jorge Granados (1) Count 1,2-13,14,15-19 held on 1/14/2011. (Digital 10:06:28.) (Tape #11FX-4.) (nf) (Entered: 01/14/2011) |
| 01/14/2011 | 36 | ARRAIGNMENT INFORMATION SHEET Not Guilty Plea entered as to counts Jorge Granados (1) Count 1,2-13,14,15-19. Court accepts plea. Arraignment held on 1/14/2011 before Magistrate Judge John J. O'Sullivan. (asl) (Entered: 01/14/2011) |
| 01/14/2011 | 37 | STANDING DISCOVERY ORDER as to Jorge Granados. All motions concerning matters not covered by this order must be filed within 28 days of this order. Signed by Magistrate Judge John J. O'Sullivan on 1/14/2011. (asl) (Entered: 01/14/2011) |
| 01/14/2011 | 38 | $50,000 10% Bond Entered as to Manuel Caceres Receipt # 12675. Approved by Ch. Magistrate Judge Stephen T. Brown (sl) (Entered: 01/14/2011) |
| 01/19/2011 | 39 | SCHEDULING ORDER as to Jorge Granados, Manuel Caceres Calendar Call set for 2/23/2011 04:00 PM in Miami Division before Judge Joan A. Lenard. Jury Trial set for 2/28/2011 before Judge Joan A. Lenard.. Signed by Judge Joan A. Lenard on 1/19/2011. (pm) (Entered: 01/19/2011) |
| 01/25/2011 | 40 | First RESPONSE to Standing Discovery Order by USA as to Manuel Caceres (Aikman, Amanda) (Entered: 01/25/2011) |
| 01/28/2011 | 41 | First RESPONSE to Standing Discovery Order by USA as to Jorge Granados (Aikman, Amanda) (Entered: 01/28/2011) |
| 02/01/2011 | 42 | MOTION to Continue Trial and Pretrial Motions Deadline by Jorge Granados. Responses due by 2/18/2011 (Attachments: # 1 Text of Proposed Order)(Wylie, John) Modified text on 2/1/2011 (asl). (Entered: 02/01/2011) |
| 02/08/2011 | 43 | Arrest Warrant returned executed on 12/20/10 as to Jorge Granados re 4 Arrest Warrant Issued (asl) (Entered: 02/08/2011) |
| 02/08/2011 | 44 | Arrest Warrant returned executed on 12/20/10 as to Manuel Caceres re 5 Arrest Warrant Issued (asl) (Entered: 02/08/2011) |
| 02/16/2011 | 45 | NOTICE OF HEARING as to Jorge Granados, Manuel Caceres Status Conference set for 2/16/2011 11:00 AM in Miami Division before Judge Joan A. Lenard. (pm) (Entered: |

BNDJJO

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:10−cr−20893−PCH−1

Case title: USA v. Salvoch

Date Filed: 12/17/2010
Date Terminated: 06/08/2012

Assigned to: Senior Judge Paul C. Huck

### Defendant (1)

**Manuel Salvoch**
96205−004
*YOB: 1961; English*
*TERMINATED: 06/08/2012*

represented by **Ramon Alvaro Rasco**
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130−1780
305−358−2800
Fax: 358−2382
Email: rrasco@podhurst.com
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Robert C. Josefsberg**
Podhurst Orseck, P.A.
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130−1780
305−358−2800
Fax: 305−358−2382
Email: rjosefsberg@podhurst.com
*ATTORNEY TO BE NOTICED*
Designation: Retained

### Pending Counts

18:371.F CONSPIRACY TO
COMMIT VIOLATION OF
FOREIGN CORRUPT
PRACTICES ACT
(1)

### Disposition

IMPRISONMENT: 10 Months. SURRENDER
DATE: 7/9/2012 at 2:00 P.M.; SUPERVISED
RELEASE: 3 Years. TOTAL ASSESSMENT:
$100.00.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level
(Terminated)

None

### Complaints

None

### Disposition

| | | |
|---|---|---|
| 01/10/2011 | 9 | NOTICE OF ATTORNEY APPEARANCE Amanda Aikman appearing for USA. (Attachments: # 1 Sealed Tracking Form)(gm1) (Entered: 01/12/2011) |
| 01/10/2011 | 10 | NOTICE OF ATTORNEY APPEARANCE Jeffrey H. Knox appearing for USA. (Attachments: # 1 Sealed Tracking Form)(gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 11 | ORDER UNSEALING CASE as to Manuel Salvoch. Signed by Magistrate Judge John J. O'Sullivan on 1/11/2011. (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 12 | Report Commencing Criminal Action as to Manuel Salvoch − YOB: **/**/1961 Prisoner #: 96205−004 (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | | Arrest of Manuel Salvoch (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 13 | Minute Entry for proceedings held before Magistrate Judge John J. O'Sullivan: Initial Appearance as to Manuel Salvoch held on 1/11/2011. Arraignment as to Manuel Salvoch (1) Count 1 held on 1/11/2011. Case Unsealed. (Digital 13:47:52.) (Tape #11A−2.) (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 14 | WAIVER OF INDICTMENT by Manuel Salvoch (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 15 | Order on Initial Appearance as to Manuel Salvoch for proceeding held on 1/11/2011. Special Conditions: a. Surrender all passports and travel documents to the Pretrial Services Office;b. Report to Pretrial Services as directed;e. Participate in mental health assessment and/or treatment;g. Maintain or actively seek full−time employment;q. Comply with additional conditions of bond − Travel restricted to SD/FL and maintain residence stated on record. Bond as to Manuel Salvoch (1) $100,000 PSB co−signed by spouse by 1/12/11 at Noon. Signed by Magistrate Judge John J. O'Sullivan on 1/11/2011. (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 16 | NOTICE OF PERMANENT ATTORNEY APPEARANCE: Robert C. Josefsberg, Ramon Alvaro Rasco appearing for Manuel Salvoch (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 17 | ARRAIGNMENT INFORMATION SHEET Not Guilty Plea entered as to counts Manuel Salvoch (1) Count 1. Court accepts plea. Arraignment held on 1/11/2011 before Magistrate Judge John J. O'Sullivan. (gm1) (Entered: 01/12/2011) |
| 01/11/2011 | 18 | STANDING DISCOVERY ORDER as to Manuel Salvoch. All motions concerning matters not covered by this order must be filed within 28 days of this order. Signed by Magistrate Judge John J. O'Sullivan on 1/11/2011. (gm1) (Entered: 01/12/2011) |
| 01/12/2011 | 19 | Minute Entry for proceedings held before Judge Paul C. Huck: Change of Plea Hearing as to Manuel Salvoch held on 1/12/2011 Manuel Salvoch (1) Guilty Count 1. Court Reporter: Patricia Sanders, 305−523−5528 / Patricia_Sanders@flsd.uscourts.gov (ew) (Entered: 01/12/2011) |
| 01/12/2011 | 20 | NOTICE/ORDER OF SENTENCING as to Manuel Salvoch Sentencing set for 3/23/2011 09:00 AM in Miami Division before Judge Paul C. Huck. (ew) (Entered: 01/12/2011) |
| 01/12/2011 | 21 | STATEMENT OF OFFENSE as to Manuel Salvoch (asl) (Entered: 01/12/2011) |
| 01/12/2011 | 22 | PLEA AGREEMENT as to Manuel Salvoch (asl) (Entered: 01/12/2011) |
| 01/12/2011 | 23 | $100,000.00 PSB Bond Entered as to Manuel Salvoch Approved by Magistrate Judge John J. O'Sullivan Special Conditions: a. Surrender all passports and travel documents to the Pretrial Services Office;b. Report to Pretrial Services as directed;e. Participate in mental health assessment and/or treatment;g. Maintain or actively seek full−time employment;p. May travel SDFL and must notify Pretrial Services of travel plans before leaving and upon return.;q. Comply with additional conditions of bond; maintain residence on record. Wife to co−sign by noon on 1/12/11 (tas) (Entered: 01/12/2011) |
| 02/08/2011 | 24 | Arrest Warrant returned executed on 1/11/11 as to Manuel Salvoch re 4 Arrest Warrant Issued (asl) (Entered: 02/08/2011) |
| 03/08/2011 | 25 | Unopposed MOTION to Continue Sentencing by Manuel Salvoch. Responses due by 3/25/2011 (Attachments: # 1 Text of Proposed Order)(Rasco, Ramon) (Entered: 03/08/2011) |

AMS,BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:10−cr−20894−PAS All Defendants

Case title: USA v. Vasquez

Date Filed: 12/17/2010
Date Terminated: 04/25/2012

Assigned to: Judge Patricia A. Seitz
Referred to: Magistrate Judge Andrea M. Simonton

**Defendant (1)**

| | | |
|---|---|---|
| **Juan Pablo Vasquez**<br>96245−004<br>*YOB: 1973*<br>*TERMINATED: 04/25/2012* | represented by | **David B. Rothman**<br>Rothman &Associates, P.A.<br>Wachovia Financial Center<br>200 S Biscayne Boulevard<br>Suite 2770<br>Miami, FL 33131<br>305−358−9000<br>Fax: 374−5747<br>Email: DBR@rothmanlawyers.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Amanda Aikman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Jeanne T. Melendez**<br>Rothman &Associates, P.A.<br>Wachovia Financial Center<br>200 S Biscayne Boulevard<br>Suite 2770<br>Miami, FL 33131<br>305−358−9000<br>Fax: 374−5747<br>Email: jtm@rothmanlawyers.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Jeffrey H. Knox**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES – COMMIT VIOLATION OF FOREIGN CORRUPT PRACTICES ACT (1) | 3 years Probation, $7,500.00 Fine, $100.00 Assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

| 01/20/2011 | 7 | PAPERLESS NOTICE SETTING CHANGE OF PLEA HEARING as to Juan Pablo Vasquez – Change of Plea Hearing set for 1/21/2011 at 10:30 AM in Miami Division before Judge Patricia A. Seitz. (lw) (Entered: 01/20/2011) |
|---|---|---|
| 01/20/2011 | 8 | NOTICE OF ATTORNEY APPEARANCE: David B. Rothman appearing for Juan Pablo Vasquez (Rothman, David) (Entered: 01/20/2011) |
| 01/20/2011 | | Arrest of Juan Pablo Vasquez (cg1) (Entered: 01/21/2011) |
| 01/20/2011 | 9 | Report Commencing Criminal Action as to Juan Pablo Vasquez – YOB: **/**/1973 Prisoner #: 96245–004 (cg1) (Entered: 01/21/2011) |
| 01/20/2011 | 10 | Minute Entry for proceedings held before Magistrate Judge Patrick A. White: Initial Appearance as to Juan Pablo Vasquez held on 1/20/2011. (Digital 13:51:42.) (Tape #11B–3.) (cg1) (Entered: 01/21/2011) |
| 01/20/2011 | 11 | Order on Initial Appearance for proceeding held on 1/20/2011, as to Juan Pablo Vasquez (1). The parties stipulated to $100,000 PSB. Special Conditions: a. Surrender all passports and travel documents to the Pretrial Services Office;b. Report to Pretrial Services as directed;g. Maintain or actively seek full–time employment;p. May travel to and from SD/FL, District of New Jersey and the State of New York and must notify Pretrial Services of travel plans before leaving and upon return. Signed by Magistrate Judge Patrick A. White on 1/20/2011. (cg1) (Entered: 01/21/2011) |
| 01/20/2011 | 12 | $100,000.00 PSB Bond Entered as to Juan Pablo Vasquez, approved by Magistrate Judge Patrick A. White. Special Conditions: a. Surrender all passports and travel documents to the Pretrial Services Office;b. Report to Pretrial Services as directed;g. Maintain or actively seek full–time employment;p. May travel to and from SD/FL, the District of New Jersey and the State of New York and must notify Pretrial Services of travel plans before leaving and upon return. (cg1) (Entered: 01/21/2011) |
| 01/21/2011 | 13 | Minute Entry for proceedings held before Judge Patricia A. Seitz: Arraignment as to Juan Pablo Vasquez (1) Count 1 held on 1/21/2011. Court Reporter: David Ehrlich, 305–523–5537 / David_Ehrlich@flsd.uscourts.gov (tas) (Entered: 01/21/2011) |
| 01/21/2011 | 14 | ARRAIGNMENT INFORMATION SHEET Guilty Plea entered as to counts Juan Pablo Vasquez (1) Count 1. Court accepts plea. Arraignment held on 1/21/2011 before Judge Patricia A. Seitz. (tas) (Entered: 01/21/2011) |
| 01/21/2011 | 15 | WAIVER OF INDICTMENT by Juan Pablo Vasquez (tas) (Entered: 01/21/2011) |
| 01/21/2011 | 16 | Minute Entry for proceedings held before Judge Patricia A. Seitz: Plea Hearing as to Juan Pablo Vasquez held on 1/21/2011 Juan Pablo Vasquez (1) Guilty Count 1.. Court Reporter: David Ehrlich, 305–523–5537 / David_Ehrlich@flsd.uscourts.gov (tas) (Entered: 01/21/2011) |
| 01/21/2011 | 17 | PLEA AGREEMENT as to Juan Pablo Vasquez (tas) (Entered: 01/21/2011) |
| 01/21/2011 | 18 | STATEMENT OF OFFENSE as to Juan Pablo Vasquez (tas) (Entered: 01/21/2011) |
| 01/21/2011 | 19 | NOTICE/ORDER OF SENTENCING as to Juan Pablo Vasquez. Sentencing set for Friday, 4/1/2011 08:30 AM in Miami Division before Judge Patricia A. Seitz. (tas) (Entered: 01/21/2011) |
| 02/08/2011 | 20 | Arrest Warrant returned executed on 1/21/11 as to Juan Pablo Vasquez re 4 Arrest Warrant Issued (lk) (Entered: 02/08/2011) |
| 02/16/2011 | 21 | Unopposed MOTION to Travel by Juan Pablo Vasquez. (Attachments: # 1 Text of Proposed Order)(Rothman, David) (Entered: 02/16/2011) |
| 02/16/2011 | 22 | ORDER granting 21 Motion to Travel as to Juan Pablo Vasquez (1). Signed by Judge Patricia A. Seitz on 2/16/2011. (lw) (Entered: 02/16/2011) |
| 03/10/2011 | 23 | Joint MOTION to Continue Sentencing by Juan Pablo Vasquez. Responses due by 3/28/2011 (Attachments: # 1 Text of Proposed Order)(Rothman, David) (Entered: 03/10/2011) |

# EXHIBIT C

CLOSED,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:14-cr-00240-DLC-1

Case title: USA v. Chinea et al

Date Filed: 04/10/2014
Date Terminated: 03/31/2015

Assigned to: Judge Denise L. Cote

### Defendant (1)

**Benito Chinea**
*TERMINATED: 03/31/2015*
*also known as*
Sealed Defendant 1
*TERMINATED: 03/31/2015*

represented by **David Benton Massey**
Richards Kibbe & Orbe LLP
200 Liberty Street
New York, NY 10281
212-530-1800
Fax: 212-530-1801
Email: dmassey@rkollp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pablo Quinones**
Reed Smith LLP (NYC)
599 Lexington Avenue
New York, NY 10022
212-549-0279
Fax: 212-521-5450
Email: pquinones@reedsmith.com
*TERMINATED: 08/01/2014*
*LEAD ATTORNEY*
*Designation: Retained*

**Maria E. Lapetina**
Richards Kibbe & Orbe LLP (NYC)
200 Liberty Street
New York, NY 10281-1003
(212)-530-1916
Fax: (212)-530-1801
Email: mlapetina@rkollp.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

### Disposition

| 04/14/2014 | | Minute Entry for proceedings held before Judge Denise L. Cote: Initial Appearance as to Benito Chinea, Joseph Demeneses held on 4/14/2014. (ajc) (Entered: 04/15/2014) |
|---|---|---|
| 04/14/2014 | | Minute Entry for proceedings held before Judge Denise L. Cote: Arraignment as to Benito Chinea (1) Count 1,2-6,7-11,12,13-15 and Joseph Demeneses (2) Count 1,2-6,7-11,12,13-15,16 held on 4/14/2014. Defendant #1 BENITO CHINEA present w/attyd Eric Snyder and Joshua Ray for purposes of arraignment. Defendant #2 JOSEPH DEMENESES present w/atty Stanley Twardy for purposes of arraignment.Assistant U.S. Attorney Harry Chernoff present with Maria Gonzalez, Trial attorney for the Department of Justice, Fraud Division. Court reporter Carol Ganley present. The defendants are advised of their rights. Defendants Benito Chinea and Joseph Demeneses each plead not guilty as charged in 14 Cr. 420.Government to make all discovery to defendant by June 27, 2014. Any defense motion shall be due October 3, 2014 Govts opposition due October 17.Trial date set for February 9, 2015. Time excluded from 4/14/14 until 2/9/15 pursuant to 18 USC § 3161 (h)(7)(A). Bail set for each defendant. (ajc) (Entered: 04/15/2014) |
| 04/14/2014 | | ORAL ORDER as to Benito Chinea, Joseph Demeneses: Time excluded from 4/14/2014 until 2/9/2015. As to Benito Chinea, Joseph Demeneses(Discovery due by 6/27/2014. Defense motions due by 10/3/2014. Government responses due by 10/17/2014). (Signed by Judge Denise L. Cote on 4/14/2014) (ajc) (Entered: 04/15/2014) |
| 04/14/2014 | 6 | PRB Bond Entered as to Benito Chinea in amount of $ 1,000,000.00. Secrued by his personal residence. Co-signed by 2 financially responsible persons. Regular pretrial supervision. Travel restrictions - SDNY, EDNY & District of New Jersey. Surrender passport and no new application. No further mortgage or encumbrance placed on the residence. Advice of Penalties and Sanctions attached. (jw) (Entered: 04/15/2014) |
| 04/14/2014 | | Minute Entry for proceedings held before Judge Denise L. Cote:Bond Hearing on disposition sheet as to Benito Chinea held on 4/14/2014. Deft present with atty Eric Snyder and Josh Ray. AUSA Harry Chernoff present. $1 Million dollars, PRB secured by his personal residence; 2 FRP's, regular PTS; travel restrictions - SDNY, EDNY and District of NJ, Surrender passport and no new application; no further mortgage or encumbrance placed on the residence. (jw) (Entered: 04/15/2014) |
| 04/15/2014 | 7 | NOTICE OF ATTORNEY APPEARANCE Maria Gonzalez Calvet appearing for USA. (Calvet, Maria) (Entered: 04/15/2014) |
| 04/17/2014 | 8 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** CONSENT MOTION for Protective Order. Document filed by USA as to Benito Chinea, Joseph Demeneses. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Chernoff, Harry) Modified on 4/21/2014 (ka). (Entered: 04/17/2014) |
| 04/18/2014 | 9 | NOTICE OF ATTORNEY APPEARANCE James Milton Koukios appearing for USA. (Koukios, James) (Entered: 04/18/2014) |
| 04/21/2014 | | **NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Harry A. Chernoff as to Benito Chinea, Joseph Demeneses: to RE-FILE Document 8 CONSENT MOTION for Protective** |

CLOSED,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:13-cr-00671-DLC-1

Case title: USA v. Lujan
Magistrate judge case number: 1:13-mj-01501-UA

Date Filed: 08/29/2013
Date Terminated: 12/07/2015

Assigned to: Judge Denise L. Cote

### Defendant (1)

**Ernesto Lujan**
*TERMINATED: 12/07/2015*
*also known as*
Sealed Defendant 1
*TERMINATED: 12/07/2015*

represented by **Alfred Ulmer Pavlis**
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901
(203) 325-5000
Fax: (203) 325-5001
Email: apavlis@fdh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Michael Quinn English**
Finn Dixon & Herling LLP(CT)
177 Broad Street
15th Floor
Stamford, CT 06901
(203) 325-5000
Fax: (203) 325-5001
Email: menglish@fdh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

### Pending Counts

18:371.F CONSPIRACY TO DEFRAUD
THE UNITED STATES
(1)

15:78D.F FOREIGN SECURITIES
EXCHANGES (VIOLATION OF THE
FOREIGN CORRUPT PRACTICES
ACT)

### Disposition

Imprisonment for a total term of 24
months on each count to run
concurrently. Supervised release for a
term of 3 years on each count, to run
concurrently.

Imprisonment for a total term of 24
months on each count to run
concurrently. Supervised release for a
term of 3 years on each count, to run
concurrently.

| | | |
|---|---|---|
| | | District Court - Southern District of Florida (West Palm Beach). (gq) [1:13-mj-01501-UA] (Entered: 07/03/2013) |
| 07/10/2013 | | Minute Entry for proceedings held before Magistrate Judge Debra C. Freeman:Initial Appearance as to Ernesto Lujan held on 7/10/2013. Deft appears with atty's Alfred Pavlis and Michael English. AUSA Harry Chernoff present for the gov't. Detention on consent without prejudice. ( Detention Hearing set for 7/17/2013 at 11:00 AM before Judge Unassigned. Preliminary Hearing set for 7/31/2013 at 10:00 AM before Judge Unassigned.) (gq) [1:13-mj-01501-UA] (Entered: 07/10/2013) |
| 07/10/2013 | 5 | MEDICAL ATTENTION ORDER FORM as to Ernesto Lujan. (Signed by Magistrate Judge Debra C. Freeman on 7/10/2013)(gq) [1:13-mj-01501-UA] (Entered: 07/10/2013) |
| 07/31/2013 | 6 | ORDER TO CONTINUE IN THE INTEREST OF JUSTICE as to Ernesto Lujan. Time excluded from 7/31/13 until 8/30/13. (Signed by Magistrate Judge Frank Maas on 7/31/13)(vb) [1:13-mj-01501-UA] (Entered: 07/31/2013) |
| 07/31/2013 | 7 | AFFIRMATION of Harry Chernoff by USA as to Ernesto Lujan in Support re: 6 Order to Continue - Interest of Justice. (vb) [1:13-mj-01501-UA] (Entered: 07/31/2013) |
| 08/02/2013 | 8 | NOTICE OF ATTORNEY APPEARANCE: Michael Quinn English appearing for Ernesto Lujan. (gq) [1:13-mj-01501-UA] (Entered: 08/02/2013) |
| 08/02/2013 | 9 | NOTICE OF ATTORNEY APPEARANCE: Alfred Ulmer Pavlis appearing for Ernesto Lujan. (gq) [1:13-mj-01501-UA] (Entered: 08/02/2013) |
| 08/21/2013 | 10 | NOTICE OF INTENT TO FILE an Information by U.S.A. as to Ernesto Lujan. (jm) (Entered: 08/30/2013) |
| 08/29/2013 | 11 | INFORMATION (Felony) filed as to Ernesto Lujan (1) count(s) 1, 2, 3, 4, 5, 6. (jm) (Entered: 08/30/2013) |
| 08/29/2013 | 12 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE ON A FELONY PLEA ALLOCUTION by Ernesto Lujan. (jm) (Entered: 08/30/2013) |
| 08/29/2013 | 13 | WAIVER OF INDICTMENT by Ernesto Lujan. (jm) (Entered: 08/30/2013) |
| 08/29/2013 | | Minute Entry for proceedings held before Magistrate Judge James C. Francis:Bond Hearing as to Ernesto Lujan held on 8/29/2013. Deft. present with attorney Alfred Pavlis; AUSA Cowley also present. Deft. to be released on $1,500,000 PRB; 3 FRPs; secured by property in the form of a home in Miami Springs, Fl and Home in Wellington, Fl; travel is restricted to SDNY/EDNY/SDFL/MDFL & CT; surrender travel documents and no new applications; regular PSA supervision. Deft. to be released upon signature of 1 FRP with remaining conditions to be met by 9/3/13. (jm) (Entered: 08/30/2013) |
| 08/29/2013 | | Case Designated ECF as to Ernesto Lujan. (jm) (Entered: 08/30/2013) |
| 08/29/2013 | | Minute Entry for proceedings held before Magistrate Judge James C. Francis: Arraignment as to Ernesto Lujan (1) Count 1,2,3,4,5,6 held on 8/29/2013. Plea entered by Ernesto Lujan (1) Guilty as to Count 1,2,3,4,5,6. Defendant appears with attorney Alfred Pavlis. A.U.S.A. Jason Cowley for the Government. Court reporter |

# EXHIBIT D

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CRIMINAL DOCKET FOR CASE #: 1:14-cr-00065-JEI-1

Case title: USA v. HAMMARSKJOLD  
Magistrate judge case number: 1:13-mj-02086-JS

Date Filed: 02/18/2014  
Date Terminated: 09/15/2015

Assigned to: Judge Joseph E. Irenas

### Defendant (1)

**KNUT HAMMARSKJOLD**  
*TERMINATED: 09/15/2015*

represented by **LORI M. KOCH**  
FEDERAL PUBLIC DEFENDER'S OFFICE  
800-840 COOPER STREET  
SUITE 350  
CAMDEN, NJ 08102  
(856) 757-5341  
Email: lori_koch@fd.org  
*TERMINATED: 01/10/2014*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
Designation: Public Defender or  
Community Defender Appointment

**KEVIN GERARD WALSH**  
GIBBONS PC  
ONE GATEWAY CENTER  
NEWARK, NJ 07102  
973-596-4500  
Email: kwalsh@gibbonslaw.com  
*ATTORNEY TO BE NOTICED*  
Designation: Retained

### Pending Counts

18 U.S.C. § 371 CONSPIRACY TO  
DEFRAUD THE UNITED STATES  
(DOF June 2009 through 2010)  
(1)

### Disposition

IMPRISONMENT for a term of TIME  
ALREADY SERVED. SUPERVISED  
RELEASE for a term of 2 years. FINE is  
$15,000. RESTITUTION in the total  
amount of $106,592.93. SPECIAL  
ASSESSMENT of $100.00

### Highest Offense Level (Opening)

Felony

| | | |
|---|---|---|
| | | 11/26/2013 at 02:00 PM in Camden - Courtroom 3C before Magistrate Judge Joel Schneider. Ordered by Magistrate Judge Joel Schneider on 11/25/2013. (se, ) [1:13-mj-02086-JS] (Entered: 11/25/2013) |
| 11/26/2013 | 10 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider: Bail Hearing as to KNUT HAMMARSKJOLD held on 11/26/2013. Ordered defendant's application for bail DENIED. Order of Detention to be entered. Hearing on joint application to have case remain under seal. Ordered application GRANTED. Order to be entered. Hearing on defendant's application to appoint counsel for all purposes. Financial affidavit executed on the record. Ordered application granted with conditions. L. Koch, AFPD appointed as counsel for defendant. Ordered Defendant to reimburse Public Defender's fees and costs for his defense at the proper time. Order to be entered. (CD #590.) (se, ) [1:13-mj-02086-JS] (Entered: 11/27/2013) |
| 11/27/2013 | 11 | ORDER DENYING defendant's application for bail. Signed by Magistrate Judge Joel Schneider on 11/27/2013. (se, ) [1:13-mj-02086-JS] (Entered: 11/27/2013) |
| 12/03/2013 | 14 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider: Telephone Status Conference re: bail hearing as to KNUT HAMMARSKJOLD held on 12/3/2013. Ordered bail hearing set for 12/4/2013 at 1:00 p.m. Order to be entered. (CD #591.) (se, ) [1:13-mj-02086-JS] (Entered: 12/04/2013) |
| 12/03/2013 | 16 | ORDER APPOINTING COUNSEL as to KNUT HAMMARSKJOLD. Ordered Lori Koch, Esq. is appointed as counsel to represent defendant in this matter untill further Order of the Court. Ordered defendant shall pay the cost of Ms. Koch's representation. Signed by Magistrate Judge Joel Schneider on 12/3/2013. (se, ) [1:13-mj-02086-JS] (Entered: 12/04/2013) |
| 12/04/2013 | 15 | TEXT ORDER as to KNUT HAMMARSKJOLD: Upon application of defense counsel, a Bail Hearing has been set for 12/4/2013 at 01:00 PM in Camden - Courtroom 3C before Magistrate Judge Joel Schneider. Signed by Magistrate Judge Joel Schneider on 12/4/2013. (se, ) [1:13-mj-02086-JS] (Entered: 12/04/2013) |
| 12/04/2013 | 17 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider: Bail Hearing as to KNUT HAMMARSKJOLD held on 12/4/2013. Ordered defendant's application for bail GRANTED. Ordered bail set at $700,000.00 secured by two properties with co-signers, two appointed Third Party Custodians and other conditions. Order of Release to be entered. (CD #591.) (se, ) [1:13-mj-02086-JS] (Entered: 12/05/2013) |
| 12/04/2013 | 18 | ORDER Setting Conditions of Release as to KNUT HAMMARSKJOLD (1) $700,000.00 secured by two properties with co-signers, two third party custodians and other conditions (Finance notified). Signed by Magistrate Judge Joel Schneider on 12/4/2013. (se, ) [1:13-mj-02086-JS] (Entered: 12/05/2013) |
| 12/04/2013 | | Appearance Bond Entered as to KNUT HAMMARSKJOLD in amount of $ 700,000.00 secured by two properties with co-signers. (Affidavit to Forfeit Property for each property attached.)(se, ) [1:13-mj-02086-JS] (Entered: 12/05/2013) |
| 12/18/2013 | 19 | LETTER ORDER: By January 15, 2014, AFPD L. Koch shall serve the Court with a summary of total hours the Public Defender's Office spent on this matter through |

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CRIMINAL DOCKET FOR CASE #: 1:14-cr-00263-JEI-1

Case title: USA v. SIGELMAN                    Date Filed: 05/09/2014
Magistrate judge case number: 1:13-mj-02087-JS        Date Terminated: 06/22/2015


**Movant**

**Ecopetrol America Inc.**              represented by **THOMAS KANE**
*TERMINATED: 10/10/2014*                            EPSTEIN BECKER & GREEN, P.C.
                                                    150 College Road West
                                                    Princeton, NJ 08540
                                                    609-455-1542
                                                    Fax: 609-455-1540
                                                    Email: tkane@ebglaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*


**Movant**

**SIDLEY AUSTIN LLP**                  represented by **MICHAEL RATO**
*TERMINATED: 10/20/2014*                            MCELROY DEUTSCH MULVANEY
                                                    & CARPENTER LLP
                                                    1300 MT. KEMBLE AVENUE
                                                    P.O. BOX 2075
                                                    MORRISTOWN, NJ 07962
                                                    973-993-8100
                                                    Email: mrato@mdmc-law.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*


**Movant**

**CITIBANK, N.A.**                     represented by **HERVE GOURAIGE**
*TERMINATED: 10/27/2014*                            Sills Cummis & Gross P.C.
                                                    One Riverfront Plaza
                                                    NEWARK, NJ 07102
                                                    (973) 643-7000
                                                    Fax: (973) 643-6500
                                                    Email: hgouraige@sillscummis.com

*ATTORNEY TO BE NOTICED*

**ZACH INTRATER**
UNITED STATES ATTORNEY'S
OFFICE
ROOM 700
970 BROAD STREET
NEWARK, NJ 07102
973-645-2700
Email: zach.intrater@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2013 | 1 | COMPLAINT as to JOSEPH SIGELMAN (1). (se, ) [1:13-mj-02087-JS] (Entered: 11/08/2013) |
| 11/08/2013 | 3 | Order to Seal Case as to JOSEPH SIGELMAN. Signed by Magistrate Judge Joel Schneider on 11/8/2013. (se, ) [1:13-mj-02087-JS] (Entered: 11/08/2013) |
| 11/12/2013 | 4 | Ex Parte MOTION by USA as to JOSEPH SIGELMAN. (Attachments: # 1 Text of Proposed Order)(se, ) [1:13-mj-02087-JS] (Entered: 11/12/2013) |
| 11/12/2013 | 5 | ORDER granting 4 Ex Parte Motion as to JOSEPH SIGELMAN (1). Signed by Magistrate Judge Joel Schneider on 11/12/2013. (se, ) [1:13-mj-02087-JS] (Entered: 11/12/2013) |
| 12/02/2013 | 6 | Ex Parte MOTION by USA as to JOSEPH SIGELMAN. (se, ) [1:13-mj-02087-JS] (Entered: 12/03/2013) |
| 12/02/2013 | 7 | ORDER granting 6 Motion as to JOSEPH SIGELMAN (1). Signed by Magistrate Judge Joel Schneider on 12/2/2013. (se, ) [1:13-mj-02087-JS] (Entered: 12/03/2013) |
| 01/03/2014 | | Arrest of JOSEPH SIGELMAN (se, ) [1:13-mj-02087-JS] (Entered: 01/06/2014) |
| 01/06/2014 | 8 | Order to Unseal Case as to JOSEPH SIGELMAN. Signed by Magistrate Judge Joel Schneider on 1/6/2014. (se, ) [1:13-mj-02087-JS] (Entered: 01/06/2014) |
| 01/08/2014 | 9 | NOTICE OF ATTORNEY APPEARANCE: ANDREW C. LOURIE appearing for JOSEPH SIGELMAN (se, ) [1:13-mj-02087-JS] (Entered: 01/08/2014) |
| 01/08/2014 | 10 | NOTICE OF ATTORNEY APPEARANCE: MATTHEW I. MENCHEL appearing for JOSEPH SIGELMAN (se, ) [1:13-mj-02087-JS] (Entered: 01/08/2014) |
| 01/08/2014 | 11 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider: Initial Appearance as to JOSEPH SIGELMAN held on 1/8/2014. Bail Hearing as to JOSEPH SIGELMAN held on 1/8/2014. Ordered bail set at $1,000,000.00 appearance bond secured by cash and property by defendant, $1,000,000.00 appearance bond secured by cash co-signed by defendant's brother and $1,000,000.00 appearance bond secured by property co-signed by defendant's |

| | | |
|---|---|---|
| | | parents. Ordered Preliminary Examination set for 1/30/2014 at 01:45 PM in Camden - Courtroom 3C before Magistrate Judge Joel Schneider. (CD #593.) (se, ) [1:13-mj-02087-JS] (Entered: 01/09/2014) |
| 01/08/2014 | 12 | ORDER Setting Conditions of Release as to JOSEPH SIGELMAN (1) $1,000,000.00 secured by cash and property, $1,000,000.00 secured by cash, $1,000,000.00 secured by property. (Finance notified) Signed by Magistrate Judge Joel Schneider on 1/8/2014. (se, ) [1:13-mj-02087-JS] (Entered: 01/09/2014) |
| 01/08/2014 | | Secured Appearance Bonds Entered as to JOSEPH SIGELMAN in amount of $1,000,000.00 secured by property and cash (Agreement to Forfeit Property attached. Affidavit of Cash Collateral to be attached upon receipt of cash.), $1,000,000.00 secured by cash with co-signer (Affidavit of Cash Collateral attached), $1,000,000.00 secured by property (Agreement to Forfeit Property attached.) (se, ) [1:13-mj-02087-JS] (Entered: 01/09/2014) |
| 01/10/2014 | 13 | ORDER amending defendant's release conditions to authorize travel to the E.D.N.Y. for the purpose of complying with his conditions. Signed by Magistrate Judge Joel Schneider on 1/10/2014. (se, ) [1:13-mj-02087-JS] (Entered: 01/10/2014) |
| 01/10/2014 | 14 | Letter from Andrew Lourie, Esq. re: property liens. (Attachments in Clerk's file.) (se, ) [1:13-mj-02087-JS] (Entered: 01/10/2014) |
| 01/24/2014 | 15 | NOTICE OF ATTORNEY APPEARANCE: WILLIAM A. BURCK appearing for JOSEPH SIGELMAN (se, ) [1:13-mj-02087-JS] (Entered: 01/27/2014) |
| 01/27/2014 | 16 | ORDER TO CONTINUE - Ends of Justice as to JOSEPH SIGELMAN. Time excluded from 1/27/2014 until 3/28/2014. Signed by Magistrate Judge Joel Schneider on 1/27/2014. (se, ) [1:13-mj-02087-JS] (Entered: 01/28/2014) |
| 01/27/2014 | 17 | NOTICE OF ATTORNEY APPEARANCE: JUAN PABLO MORILLO appearing for JOSEPH SIGELMAN (se, ) [1:13-mj-02087-JS] (Entered: 01/28/2014) |
| 01/28/2014 | 18 | Documents Received from District Court of Guam as to JOSEPH SIGELMAN. (Received in Newark Courthouse on 1/21/2014. Received in Camden Courthouse on 1/28/2014.) (Attachments: # 1 District Court of Guam Documents)(se, ) [1:13-mj-02087-JS] (Entered: 01/28/2014) |
| 01/31/2014 | 19 | NOTICE OF ATTORNEY APPEARANCE DANIEL S. KAHN appearing for USA. (mfr) [1:13-mj-02087-JS] (Entered: 02/03/2014) |
| 02/14/2014 | 20 | Minute Entry for proceedings held before Magistrate Judge Joel Schneider: Telephone Status Conference as to JOSEPH SIGELMAN held on 2/14/2014. Ordered defendants letter application to amend Conditions of Release to allow defendant to travel to Washington, D.C. is GRANTED. Order to be entered. (CD #597.) (se, ) [1:13-mj-02087-JS] (Entered: 02/18/2014) |
| 02/14/2014 | 21 | ORDER granting defendant's letter application to amend Conditions of Release. Ordered Defendant's Conditions of Release are amended only to permit him to travel to Washington, D.C. on February 18th, 2014 and to return on February 19th, 2014 for the purpose of meeting with his counsel. Signed by Magistrate Judge Joel Schneider on 2/14/2014. (se, ) [1:13-mj-02087-JS] (Entered: 02/18/2014) |

# EXHIBIT E

ECF,PRIOR

## U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:14-cr-00272-JSR All Defendants

Case title: USA v. Robson et al

Date Filed: 04/28/2014

Magistrate judge case number: 1:14-mj-00069-UA

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2015 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Initial Appearance as to Anthony Conti held on 4/13/2015. Deft pres w/atty Tor Eklund, Aaron Williamson. Gov't pres by BrianYung, AUSA & Michael Koening, AUSA & Carol Sipperly, AUSA. Court reporter present. Deft waives the public reading of the indictment & pleads not guilty. Next appearance conference on April 21 2015. Trial date set for October 5, 2015. Time excluded in the interest of justice pursuant to section 3161 of Title 18. Deft's bail app granted: $500k appearance bond secured by $40K cash. May keep passport, reside in UK, travel EDNY, SDNY & UK plus July 25, 2015 to August 2, 2015 travel to France. Other exceptions to travel restrictions upon application to Judge Rakoff. (jbo) (Entered: 04/14/2015) |
| 04/13/2015 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Arraignment as to Anthony Conti (6) Count 1,4,7-8,10,13-16 held on 4/13/2015. Plea entered by Anthony Conti Not Guilty. (jbo) (Entered: 04/14/2015) |
| 04/13/2015 | 50 | PRB Bond Entered as to Anthony Conti in amount of $ 500,000.00. Appearance bond; Secured by $40,000 Cash; 6/1/15 deadline to contribute cash; Keep passport; travel EDNY/SDNY/UK and 7/25/15 - 8/2/15 to France; Exceptions no travel restrictions only on approval to Judge RAKOFF; OK to reside UK; Check in weekly online PTS. Advice of Penalties and Sanctions attached. (jw) (Entered: 04/16/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/10/2015 11:03:28 | | | |
| PACER Login: | gordon.mehler:2556130:0 | Client Code: | takkas |
| Description: | Docket Report | Search Criteria: | 1:14-cr-00272-JSR Start date: 4/13/2015 End date: 4/13/2015 |
| Billable Pages: | 1 | Cost: | 0.10 |

# EXHIBIT F

## RELEASE ORDER (right page)

Case 3:07-cr-00249-DB Document 172 Filed 04/25/12 Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA

v.      No. EP-07-CR-00249-DB

CHRISTOPHER HAROLD TAPPIN

RELEASE ORDER

The Defendant appeared before the undersigned for a Detention Hearing on March 2, and March 5, 2012, and the Court found that there was no condition or combination of conditions of release that would assure the Defendant's presence as required. The Defendant appealed the Magistrate's Order to the District Court. On April 23, 2012, the District Court set anew release conditions and ordered the Magistrate to set some others. Accordingly, the Court orders that the Defendant shall be released upon the following conditions:

1. Defendant shall file an appearance and compliance bond in the amount of $1,000,000.00 which shall be secured by a $50,000.00 cash deposit into the registry of the Court and shall further be secured by the assets and signature of Defendant. The signature of Defendant constitutes an agreement on which surety and/or property on the face amount of the bond, including but not limited to the cash deposit, in the event Defendant fails to abide by any conditions of release set herein.

2. Defendant shall report to the Pretrial Services Office as directed and be supervised by that office.

3. Defendant shall not commit a federal, state, or local crime during the pendency of this cause.

---

## APPEARANCE AND COMPLIANCE BOND (left page)

UNITED STATES DISTRICT COURT

FILED
APR 25 2012
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

WESTERN District of TEXAS

UNITED STATES OF AMERICA

CHRISTOPHER HAROLD TAPPIN
Defendant

APPEARANCE AND COMPLIANCE BOND

Case Number EP-07-CR-00249-DB

Non-surety: I, the undersigned defendant acknowledge that I and my . . .

Surety: We, the undersigned, jointly and severally, acknowledge that we and our . . .

CHRISTOPHER HAROLD TAPPIN

The conditions of this bond are that the defendant . . .

This bond is signed on _____ April 25, 2012 _____ at _____ EL PASO, TEXAS

Defendant: CHRISTOPHER HAROLD TAPPIN

Surety: _____ Telephone: _____

Signed and acknowledged before me on _____ April 25, 2012

Bond Approved.

Case 3:07-cr-01249-DB   Document 173   Filed 04/25/12   Page 4 of 8

9. Defendant shall surrender any passport and not travel without authorization, to the U.S. Pretrial Services Office, or the United States Marshals Service, and shall not obtain any further passport or travel documents.

10. Defendant shall not possess, or otherwise have custody or control of a firearm, destructive device, or other dangerous weapon.

11. Defendant shall not participate in gambling activities.

12. Defendant shall not use any narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), unless, prior to use, Defendant has obtained a prescription from a licensed medical practitioner. Defendant shall submit urine samples for testing, as directed by the Pretrial Services Office.

13. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

14. Defendant shall submit and participate in any and all to substance abuse treatment, which will include evaluation and testing, as well as education, inpatient treatment and/or participation in support groups (such as AA/NA), as directed by the Pretrial Services Office.

15. Defendant shall submit to any method of testing required by the Pretrial Services Office for determining whether Defendant is using a prohibited substance, including but not limited to urine testing, wearing of a sweat patch, remote alcohol testing or any other form of prohibiting or testing.

16. Defendant shall refrain from the excessive use of alcohol.

17. Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

3

---

Case 3:07-cr-01249-DB   Document 173   Filed 04/25/12   Page 3 of 8

4. Defendant shall reside at _____, and AT NO OTHER (PLACE, during the pendency of this cause unless permission to relocate is first obtained from the supervising Pretrial Services Office. Any future change in residence will be restricted to an area within five miles from Attorney Eloy Diaz Cogdell's residence. Defendant may not otherwise depart Montgomery and Harris Counties, Texas and El Paso County, Texas, unless, prior to departure, permission has been granted by the supervising Pretrial Services Office. Without Court authorization, but with prior consent of the supervising Pretrial Services Office, Defendant may travel from Montgomery and Harris Counties, Texas to El Paso County, Texas for purposes of this case only.

Spring, TX 77387 (Montgomery County), Telephone: _____

5. Defendant shall not travel to Mexico or any other foreign country. No permission for foreign travel will be granted.

6. Defendant shall appear at all proceedings as required and shall surrender, as directed, for service of any sentence imposed. IT IS THE DEFENDANT'S RESPONSIBILITY TO STAY IN CONTACT WITH HIS/HER ATTORNEY AND THE SUPERVISING PRETRIAL SERVICES OFFICER IN ORDER TO BE ADVISED OF ALL COURT SETTINGS.

7. Defendant shall avoid any and all association or contact, either directly, telephonically, verbally, through written or typed material or through a third party, with any potential co-conspirator who may testify regarding the crime with which Defendant is charged and/or with any codefendant(s).

8. Defendant shall avoid any and all association or contact, either directly, telephonically, verbally, through written or typed material or through a third party, with any witness(s) of the crime with which Defendant is charged.

2

18. No computer use is allowed at this time. Pending an investigation by Pretrial Services, a modification order will be entered which allows computer use.

19. ELECTRONIC MONITORING CONDITION:

Immediately after release, Pretrial Services shall place Defendant on electronic monitoring, including, but not limited to the following: Global Positioning System (GPS)

(a) Defendant shall wear an electronic monitoring device and shall follow all electronic monitoring procedures established by the Pretrial Services Office;

(b) Defendant shall stay at the following address: ___ Spring, Texas 77382, and at no other place/address;

(c) Defendant shall comply with the following curfew. Defendant shall not leave his residence earlier than 6:00 a.m. each day and shall return to the residence each day no later than 10:00 p.m.; and

(d) Defendant shall pay for his electronic monitoring at a rate set by the Pretrial Services Office which shall be based on Defendant's ability to pay.

20. Your computer use at home will be monitored as determined by Pretrial Services.

Precise monitoring conditions and requirements will be set through a modification order at a later date. These conditions will include, but not be limited to, the following:

1) Home computer use only (NO Mac Computers). Internet usage will be restricted to this one computer only.

2) You will be restricted to the use of one computer only, the computer monitoring will be done by TPRC software and a biometric device;

3) Communications with others will be restricted to immediate family and attorney and attorney assistants;

4) A list of the people you will not be allowed to communicate with will be made a part of a future modification order;

5) You will not be allowed to engage in any financial transactions online; and

6) You shall pay for computer monitoring at a rate set by the Pretrial Services Office which shall be based on Defendant's ability to pay.

PENALTIES AND CONSEQUENCES
FOR FAILURE TO APPEAR AT A PROCEEDING,
FAILURE TO SURRENDER FOR SERVICE OF SENTENCE,
OR VIOLATIONS OF ANY CONDITION OF RELEASE

I. Loss of Property and/or Money

Defendant is advised that if he fails to appear before any court as required, the court may forfeit any property or money given or pledged as security for Defendant's bond and the court may enter judgment against Defendant and his sureties in the full amount of Defendant's appearance bond.

II. Prosecution for Bond Jumping

Defendant is advised that if he fails to appear before any court as required or fails to surrender for service of any sentence, Defendant may be charged with the crime of "bond jumping," as set out in 18 U.S.C. §3146. This crime is punishable by a term of imprisonment of up to ten years and a fine of up to $25,000.00, depending in part on the crime with which Defendant is now charged.

A term of imprisonment for bond jumping will be consecutive to any term of imprisonment imposed for the crime with which Defendant is now charged.

III. Warrant for Defendant's Arrest,
Order of Detention and Prosecution for Contempt

Defendant is advised that if the violates any condition of release, including but not limited to failing to appear as required, any one or more of the following may occur:

1. The court may issue a warrant for Defendant's arrest.

2. The court, after a hearing, may revoke Defendant's bond and order that Defendant be held in custody;

3. Defendant may be prosecuted and punished for contempt under 18 U.S.C. §401.

## PENALTIES FOR COMMITTING
## CRIMES DURING THE PERIOD OF RELEASE

Defendant is advised that if he is convicted for an offense which was committed during his release, the court is required to impose the following sentence consecutive to any sentence Defendant may receive for commission of the offense committed during release:

1.  If the offense committed during Defendant's release is a felony, a term of imprisonment of not more than ten years.

2.  If the offense committed during Defendant's release is a misdemeanor, a term of imprisonment or not more than one year.

### PROSECUTION FOR VIOLATING
### §§1503, 1510, 1512, and 1513

Defendant is advised that if it is a felon, punishable by up to five years in prison and a $5,000.00 fine, to try to retaliate to influence any juror or officer of the court or try to influence or obstruct the due administration of justice, or to try to obstruct the communication of information regarding a crime.

Defendant is further advised that it is a crime, punishable by up to ten years in prison and a $250,000.00 fine, to try to influence, or to retaliate against, a witness, victim or informant.

6

---

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the Defendant in the above-captioned case and that I am aware of the above conditions of my release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_C. Tappin_
CHRISTOPHER HAROLD TAPPIN
Defendant

Address: _____ Spring, Texas 77382
Telephone: _____

### DIRECTIONS TO THE UNITED STATES MARSHAL

Defendant is ORDERED released after processing.

Date: April 25, 2012

_R. F. C._
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

7

# EXHIBIT G

%AO 98   (Rev. 12/03) Appearance Bond

# UNITED STATES DISTRICT COURT

SOUTHERN _____   District of _____   TEXAS

UNITED STATES OF AMERICA
V.

Gary Mulgrew

_____
Defendant

## APPEARANCE BOND

Case Number:   4:02CR597-(3)

☑ Non-surety:  I, the undersigned defendant acknowledge that I and my . . .
☐ Surety:   We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ _____ 1,000,000.00 _____ , and there has been deposited in the Registry of the Court the sum of
$ _____ 200,000.00 _____ in cash or _____ (describe other security.)

The conditions of this bond are that the defendant _____ Gary Mulgrew _____
                                                                                           (Name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _____ 7/21/06 _____ at _____ Houston, Texas _____
                                        Date                                           Place

Defendant _____ Gary Mulgrew _____   Address _____

Surety _____   Address _____

Surety _____   Address _____

Signed and acknowledged before me   _____ Gary Mulgrew _____   7-21-06
                                                           Date

_____
Judge/Clerk

Approved   _____ July 21, 2006 _____

UNITED STATES DISTRICT COURT　　　　　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-02-CR-597 (3) |
| | § | |
| Gary Mulgrew | § | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

1.　Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified):

_____ on _____
Place　　　　　　　　　　　　　　　　Date/Time

2.　The defendant shall immediately advise the Court, defense counsel and the Pretrial Services Agency, in writing, of any change in address and telephone number.

3.　The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

4.　The defendant shall not intimidate or attempt to intimidate a witness, juror or officer of the court (18 USC § 1503), obstruct a criminal investigation (18 USC § 1510), or tamper with or retaliate against a witness, victim or informant (18 USC §§ 1512 and 1513).

### RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

IT IS FURTHER ORDERED that the defendant be released provided that:

[X]　5.　The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

[ ]　6.　The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $___ _____ in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

　　　　[ ]　The bond shall be signed by the following person(s) as surety:

　　　　_____
　　　　_____

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

[ ]   7    The defendant is placed in the custody of:

_____

(Name of person or organization)

_____

(Address)

_____

(City/State/Zip Code)                (Area Code/Telephone Number)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

Custodian or Proxy

[X]   8.    The defendant shall:

    [X]   a.    Maintain employment at all times; if unemployed, actively seek employment.

    [ ]   b.    Maintain or commend an educational program.

    [X]   c.    Abide by the following restrictions on place of abode or travel: **Reside in Houston Division; Travel allowed in Harris and Surrounding Counties.**

    [X]   d.    Avoid all contact with any alleged victim of the offense charged and with any potential witness who may testify concerning the offense, and not associate with any person engaging in criminal activities or who has been charged with or convicted of a felony offense, or who has been released on bail, probation or parole.

    [X]   e.    Report on a regular basis to the **U. S. Pretrial Services Agency - Phone: 713-250-5218.**

    [X]   f.    Comply with the following curfew:
                    PTS Approved

    [X]   g.    Refrain from possessing a firearm, destructive device or other dangerous weapon.

    [X]   h.    Refrain from excessive use of alcohol and any use or unlawful possession of a narcotic drug and other controlled substance (defined in 21 USC § 802) unless prescribed by a licensed medical practitioner.

    [ ]   i.    Participate in drug and alcohol screening and treatment as directed by Pretrial Services. The defendant will incur the costs associated with this condition based on the ability to pay as determined by the Pretrial Services Officer.

    [ ]   ii.    Undergo medical treatment or psychiatric treatment, including treatment for drug or alcohol dependency or substance abuse. Treatment will be at:
               _____ as directed by
Pretrial Services. Defendant shall remain in that institution if required for that purpose. The defendant will incur the costs associated with this condition based on the ability to pay as determined by the Pretrial Services Officer.

2

[X]   j.     Execute an appearance bond in the amount of $1,000,000.00 . There will be deposited in the registry of the Court the sum of $200,000.00. This deposit will be returned to the depositor upon the Court's determination that the defendant has performed the conditions of his release.

　　　　　　[X]   The first $100,000.00 must be in cash and is due by July 31,2006. The second $100,000.00 may be secured by a letter of credit and is due by October 21, 2006.

[ ]   k.     The defendant will execute an appearance bond in the amount of $_____, secured by joinder of a corporate surety, duly authorized as an acceptable surety on federal bonds.

[X]   l.     Surrender British passport to the Clerk and  [X]  obtain no other passport.

[X]   m.    Electronic Monitoring. The defendant is restricted to his or her place of residence continuously, except for absences authorized by the Pretrial Services Officer. The Pretrial Services Officer may approve absences for gainful employment, religious services, medical care, education or training programs, and at other time as may be specifically authorized by the Pretrial Services Officer. Electronic monitoring may be used to monitor compliance with this condition; however, alternative means of surveillance may be used that will ensure compliance with this special condition. If electronic monitoring is used, the defendant will incur costs associated with such monitoring, based on ability to pay as determined by the  Pretrial Services Officer.

[X]   n.     Special conditions:
　　　　　　1.     Defendant must notify Pretrial Services prior to any visit to the British Consulate or Embassy.
　　　　　　2.     Defendant is restricted from entering any airport, bus terminal, railroad station or seaport.
　　　　　　3.     Any employment must be approved by Pretrial Services.
　　　　　　4.     Report any law enforcement contact to Pretrial Services.
　　　　　　5.     Defendant has One (1) month to find living arrangements and may reside with other defendants during this time.

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC § 3148, and a prosecution for contempt as provided in 18 USC § 401 which could result in a possible term of imprisonment or fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony, or to a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself. 18 USC § 3147.

18 USC § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC § 1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 USC § 1512 makes it a criminal offense  punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sending, surrender for the service of a sentence, or appeal or certiorari after conviction for:

3

# EXHIBIT H

## U.S. District Court
### Southern District of New York (Foley Square)
### CRIMINAL DOCKET FOR CASE #: 1:13-cr-00282-VM All Defendants

Case title: USA v. Paltzer et al                              Date Filed: 04/16/2013

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/14/2013 | 7 | Arrest Warrant Returned Executed on 8/14/13 as to Edgar Paltzer. (jm) (Entered: 08/16/2013) |
| 08/14/2013 | | Arrest of Edgar Paltzer. (jm) (Entered: 08/16/2013) |
| 08/14/2013 | | Minute Entry for proceedings held before Magistrate Judge Ronald L. Ellis: Deft. present with attorney Tom Ostrander; AUSA Cowley also present. Deft. to be released on own signature with remaining conditions to be met by 9/1/13 with those conditions being as follows: $2,000,000 FRP; two FRPs by 9/1/13, secured by a painting owned by deft. and valued by an appraiser at $450,000 to $550,000 entitled La Gardeuse de Chevres and to be maintained in the office of defense counsel and turned over to the Gov't, if requested; the defendant execute a consent to extradition no later than 9/1/13 in a format approved by the U.S. Attorney. The government consents to deft. returning to Switzerland during the pendency of this case and does not request PSA supervision; travel is restrict to Europe and the SDNY/EDNY. Initial Appearance as to Edgar Paltzer held on 8/14/2013. (jm) (Entered: 08/16/2013) |
| 08/14/2013 | 8 | ORDER for admission pro hac vice as to Edgar Paltzer. (Signed by Magistrate Judge Ronald L. Ellis on 8/14/13)(jm) (Entered: 08/16/2013) |
| 08/14/2013 | | Attorney update in case as to Edgar Paltzer. (jm) (Entered: 08/16/2013) |
| 08/14/2013 | 14 | Appearance Bond Entered as to (13-Cr-282-01) Edgar Paltzer in amount of $2,000,000. $2,000,000 PRB to be co-signed by 2 financially responsible person; with co-signer signatures to be obtained no later than September 1, 2013; secured by a painting owned by Mr. Paltzer and valued by an appraiser as being worth between $450,000 & $500,000. The painting entitled La Gardeuse de Chevres, is to be maintained in the NYC office of counsel for Mr. Paltzer (Duane Morris), and turned over to the Government if requested; the Defendant execute a consent to extradition no later than September 1, 2013 in a format approved by the U.S. Attorney Office; Paltzer may return to Switzerland during the pendency of his case. No PTS supervision; the Defendant's travel be limited to Europe (including the United Kingdom) and the SDNY/EDNY in the U.S. [*** Advice of Penalties and Sanctions dated 8/14/2013 attached. Defendant Released. ](bw) (Entered: 08/27/2013) |

---

**PACER Service Center**

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | |
| IAN NORRIS | : | 03-632 |

O R D E R

AND NOW, this 24th day of March, 2010, after an initial appearance hearing held

on March 23, 2010, it is hereby **ORDERED** that pursuant to 18 U.S.C. § 3142(c), defendant is

released pursuant to the following conditions:

1.    Defendant shall execute an appearance bond in the amount of $1,000,000, to be
secured by the posting of $200,000 in cash.

2.    Defendant shall reside in Washington, D.C., and his travel is restricted to that
jurisdiction along with the Eastern District of Pennsylvania and the Eastern District of Virginia.

3.    Defendant shall report to Pretrial Services in the Eastern District of Virginia as
directed by Pretrial Services.

4.    Defendant shall be subject to house arrest for twenty-four (24) hours a day, but
may leave his residence to visit with counsel and to attend court proceedings, medical
appointments and religious services, all with prior approval of Pretrial Services. This curfew will
be enforced by electronic monitoring, the cost which will be borne by the defendant.

5.    Defendant has surrendered his passport and shall not obtain a passport.

6.    Defendant shall refrain from obtaining any firearms.

7.    No later than March 26, 2010, defendant shall execute and file an "Irrevocable
Waiver of Extradition." See, e.g., United States v. Cirillo, 1999 WL 1456536 (3d Cir. July 13,
1999).

BY THE COURT:

/s/ TJR
THOMAS J. RUETER
CHIEF UNITED STATES MAGISTRATE JUDGE

# COURT MINUTES

## Magistrate Judge Alicia M. Otazo-Reyes

**Atkins Building Courthouse - 10th Floor**          Date: 12/28/2015  Time: 10:00 a.m.

Defendant: Abraham Shiera-Bastidas    J#: 08915-104   Case #: 15-3604-TORRES

AUSA: Amanda Perwin          Attorney: Raul Manon, Esq. (PERM) + Rosenthal

Violation: WARR/IND/SD/TX/CONSP/WIRE FRAUD

Proceeding: Removal Hearing/PTD          CJA Appt: _____

Bond/PTD Held: ⚬ Yes  ⚬ No     Recommended Bond: _____

Bond Set at: TEMP PTD          Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

Language: English

Disposition:
The Parties requested a joint continuance. The Request was granted. The Court deemed time excludable pursuant to the Speedy Trial Act 12/28/15 - 1/14/16

Defendant Signed waiver.

**NEXT COURT APPEARANCE**  Date:        Time:        Judge:        Place:

Report RE Counsel: _____

PTD/Bond Hearing: 1/14   10:00 a.m.   Duty   Miami

Prelim/Arraign or Removal: 1/14

Status Conference RE: _____

D.A.R. 10:01:54          Time in Court: 5 min

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:15-MJ-03604-EGT-1

UNITED STATES OF AMERICA,
                Plaintiff,

v.
                                **WAIVER**

Abraham Shiera
                Defendant.

      I, ABRAHAM SHIERA _____, the above-named defendant, being advised of the nature of the charge(s) pending against me in the U.S. District Court, Southern District of Florida, hereby acknowledge the following facts to be true:

    1) I have been fully advised of my rights, specifically my right to Speedy trial and detention hearing through 1/14/16 + Removal hearing

    2) I possess full knowledge and understanding of the charges pending against me in this case.

    3) Of my own free will, I do hereby refuse and waive in open court on 12/28/15 _____, my right to Speedy trial through 1/14/16 and detention hearing + Removal hearing

DATED: 12/28/15

                            _____
                                Defendant

                            _____
                              Counsel for Defendant

**MAGISTRATE JUDGE'S CERTIFICATE**

      The undersigned United States Magistrate Judge certifies that the defendant, having been advised of his Constitutional rights, has refused and waived his/her right to Speedy trial through 1/14/16 and Detention Hrg + Removal hrg

DATED this 28th day of Dec. , 2015, at Miami, Southern District of Florida.

                            _____
                            ALICIA M. OTAZO-REYES
                            UNITED STATES MAGISTRATE JUDGE

c: AUSA, Defense Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

ABRAHAM JOSE SHIERA-BASTIDAS,

                Defendant.

Criminal Case No.: 1:15-MJ-03604-EGT-1

### DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL

Defendant, Abraham Jose Shiera-Bastidas, pursuant to Southern District of Florida Local Rules 7.1(a)(1)(F) and 11.1(d)(4), moves this Court for the entry of an order substituting attorneys Daniel J. Fetterman[1] and Ann St. Peter-Griffith[2] of the law firm Kasowitz, Benson, Torres & Friedman, LLP, as counsel of record for the Defendant in this action, and relieving attorneys Raul Manon, P. Jan Kubicz, Samuel Rosenthal (admitted *pro hac vice*) and Joseph Walker (admitted *pro hac vice*) of the law firm Squire Patton Boggs, LLP, of any further responsibility herein. All defense parties, including the Defendant and the previously mentioned attorneys, consent to this request.

The appearance of substituting counsel is for trial purposes.

The Government does not object to this request.

Dated: January 6, 2016.

Respectfully submitted,

---

[1] New York counsel who intends to file a Motion to Appear *Pro Hac Vice* in this matter.
[2] Florida counsel who is currently a member in good standing of this Court.

1

/s/ Samuel Rosenthal
Samuel Rosenthal, Esq.
*Admitted Pro Hac Vice*
samuel.rosenthal@squirepb.com
Joseph Walker, Esq.
*Admitted Pro Hac Vice*
joseph.walker@squirepb.com
Squire Patton Boggs LLP
2550 M Street NW
Washington DC 20037
(202) 457-6000

P. Jan Kubicz, Esq.
FL Bar No.  84405
jan.kubicz@squirepb.com
Squire Patton Boggs LLP
200 South Biscayne Blvd, Suite 4700
Miami, FL  33131
T - (305) 577-2962

/s/ Ann M. St. Peter-Griffith
Ann M. St. Peter-Griffith
FL Bar No.  33154
AStpetergriffith@kasowitz.com
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue
Suite 1420
Miami, Florida 33131
Tel. (786) 587-1054
Fax. (305) 397-2731

Daniel J. Fetterman
DFetterman@kasowitz.com
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1934
Fax. (212) 500-3434

*Counsel for Defendant Abraham Shiera*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for

Substitution of Counsel was served by the CM/ECF system on all counsel or parties of record on

January 6, 2016.

/s/ Jan Kubicz_____

P. Jan Kubicz, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

    v.                                  Criminal Case No.: 1:15-MJ-03604-EGT-1

ABRAHAM JOSE SHIERA-BASTIDAS,

               Defendant.

---

**NOTICE OF APPEARANCE OF ANN M. ST. PETER-GRIFFITH**

      Ann M. St. Peter-Griffith of the law firm of Kasowitz, Benson, Torres & Friedman, LLP

hereby files her Notice of Appearance as Attorney of Record for Trial Purposes Only on behalf

of Abraham Jose Shiera-Bastidas.

Dated: January 6, 2016                    Respectfully submitted,

                                    KASOWITZ, BENSON, TORRES
                                    & FRIEDMAN LLP

                               By  /s/ Ann M. St. Peter-Griffith
                                    Ann M. St. Peter-Griffith (FBN 0033154)
                                    The Four Seasons Tower
                                    1441 Brickell Avenue, Suite 1420
                                    Miami, FL 33131
                                    T: (305) 377-1666
                                    F: (305) 377-1664
                                    AStpetergriffith@kasowitz.com

                              *Attorney for Defendant Shiera-Bastidas*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appearance

was served by the CM/ECF system on all counsel or parties of record on January 6, 2016.


/s/ Ann M. St. Peter-Griffith
Ann M. St. Peter-Griffith

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

ABRAHAM JOSE SHIERA-BASTIDAS,

          Defendant.

Criminal Case No.: 1:15-MJ-03604-EGT-1

---

## MOTION TO APPEAR *PRO HAC VICE*,
## CONSENT TO DESIGNATION, AND REQUEST TO
## ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING

In accordance with Local Rules 4(b) of the Special Rules Governing the Admission and Practice of Attorneys of the United States District Court for the Southern District of Florida, the undersigned respectfully moves for the admission *pro hac vice* of Daniel J. Fetterman of the law firm of Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019, Tel. (212) 506-1700, Fax (212) 506-1800, for purposes of appearance as co-counsel on behalf of defendant Abraham Jose Shiera-Bastidas in the above-styled case through trial only, and pursuant to Rule 2B of the CM/ECF Administrative Procedures, to permit Daniel J. Fetterman to receive electronic filings in this case, and in support thereof states as follows:

1.    Daniel J. Fetterman is not admitted to practice in the Southern District of Florida and is a member in good standing of the State Bar of New York, permitted to practice before the highest court in that state.  Mr. Fetterman's New York Bar Number is 2297034.  Mr. Fetterman's Certificate of Good Standing in the United States District Court for the Southern District of New York is attached hereto as Exhibit "1".

2.      Movant, Ann M. St. Peter-Griffith, Esquire, of the law firm of Kasowitz, Benson,

Torres & Friedman LLP, 1441 Brickell Avenue, Suite 1420, Miami, Florida 33131, Telephone: (305)

377-1666, Facsimile: (305) 377-1664, is a member in good standing of The Florida Bar and the

United States District Court for the Southern District of Florida, maintains an office in this State for

the practice of law, and is authorized to file through the Court's electronic filing system. Movant

consents to be designated as a member of the Bar of this Court with whom the Court and the

Government counsel may readily communicate regarding the conduct of the case, upon whom filings

shall be served, who shall be required to electronically file all documents and things that may be filed

electronically, and who shall be responsible for filing documents in compliance with the CM/ECF

Administrative Procedures. *See* Section 2B of the CM/ECF Administrative Procedures.

3.      Daniel J. Fetterman, by and through designated counsel and pursuant

to Section 2B CM/ECF Administrative Procedures, hereby requests the Court to provide Notice of

Electronic Filings to Daniel J. Fetterman at email address: dfetterman@kasowitz.com.

4.      In accordance with the local rules of this Court, Daniel J. Fetterman has made

payment of this Court's $75 admission fee. A certification in accordance with Rule 4(b) is set

forth below.

2

WHEREFORE, Ann M. St. Peter-Griffith moves this Court to enter an Order permitting Daniel J. Fetterman to appear before this Court on behalf of Defendant for all purposes through trial only relating to the proceedings in the above-styled matter and directing the Clerk to provide notice of electronic filings to Daniel J. Fetterman.

Dated: January 7, 2016

Respectfully submitted,

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Ann M. St. Peter-Griffith
    Ann M. St. Peter-Griffith (FBN 0033154)
    The Four Seasons Tower
    1441 Brickell Avenue, Suite 1420
    Miami, FL 33131
    T: (305) 377-1666
    F: (305) 377-1664
    AStpetergriffith@kasowitz.com

*Attorneys for Defendants*

**CERTIFICATION OF COUNSEL PURSUANT TO RULE 4(B)**

Daniel J. Fetterman, pursuant to Local Rules 4(b) of the Special Rules Governing the Admission and Practice of Attorneys of the United States District Court for the Southern District of Florida, hereby certifies that he has studied the Local Rules for the Southern District of Florida.

Daniel J. Fetterman

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Appear Pro

Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic

Filing was served by the CM/ECF system on all counsel or parties of record on January 7, 2016.

/s/ Ann M. St. Peter-Griffith
Ann M. St. Peter-Griffith

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ABRAHAM JOSE SHIERA-BASTIDAS,

    Defendant.

Criminal Case No.: 1:15-MJ-03604-EGT-1

**ORDER GRANTING MOTION TO APPEAR**
***PRO HAC VICE*, CONSENT TO DESIGNATION AND REQUEST TO**
**ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING**

**THIS CAUSE** having come before the Court on the Motion to Appear *Pro Hac Vice* for Daniel J. Fetterman, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing (the "Motion"), pursuant to the Special Rules Governing the Admission and Practice of Attorneys in the United States District Court for the Southern District of Florida and Section 2B of the CM/ECF Administrative Procedures. This Court having considered the motion and all other relevant factors, it is hereby

**ORDERED AND ADJUDGED** that:

The Motion is **GRANTED**. Daniel J. Fetterman may appear and participate in this action on behalf of defendant ABRAHAM JOSE SHIERA-BASTIDAS. The Clerk shall provide electronic notification of all electronic filings to Daniel J. Fetterman at dfetterman@kasowitz.com.

DONE AND ORDERED in Chambers at Miami, Florida, this ___day of_____2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record

2

# EXHIBIT 1

CSDNY (05/2010) Certificate of Good Standing

# United States District Court
## Southern District of New York

### Certificate of Good Standing

I, <u>Ruby J. Krajick,</u> Clerk of this Court, certify that

**DANIEL J. FETTERMAN** , Bar # **DF9093**

was duly admitted to practice in this Court on

**MARCH 5th, 1991** , and is in good standing as a member of the Bar of this Court.

500 Pearl Street
Dated at <u>New York, New York</u>     on     **JANUARY 5th, 2016**

Ruby J. Krajick
Clerk

by _Wayne Baime_
Deputy Clerk

# COURT MINUTES

## Magistrate Judge Andrea M. Simonton

**King Building Courtroom 10-6**      Date: 1/14/16      Time: 10:00 a.m.

Defendant: Abraham Shiera-Bastidas      J#: 08915-104      Case #: 15-3604-Torres

AUSA: Sean Cronin      Attorney: Ann St. Peter Griffith/Daniel Fetterman-PHV

Violation: Warr/Ind/SD/TX/Consp/Wire Fraud/Money Laundering

Proceeding: Detention/Removal      CJA Appt:

Bond/PTD Held: ◌ Yes   ✓ No      Recommended Bond: Temp Ptd

Bond Set at:      Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs

Language: English

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to:

☐ Other:

Disposition:

Daniel Fetterman - PHV (motion pending). Pending motions De's 10, 13 and 15 attached.

Motion for Substitution of Counsel is Granted

Motion for PHV is Granted

STIP PTD w/right to revisit in S/D of Texas (no hrg. held)

Defendant Waives Removal hearing; Ordered removed to the S/D of Texas

**NEXT COURT APPEARANCE**   Date:      Time:      Judge:      Place:

Report RE Counsel:

PTD/Bond Hearing:

Prelim/Arraign or Removal:

Status Conference RE:

D.A.R. 10:20:38      Time in Court: 8 mins

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 15-3604-Torres

United States of America
      Plaintiff,

      v.

                                Charging District's Case No. 4:15-cr-654

Abraham Jose Shiera-Bastidas,
      Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the SD/TX.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise C unless I am indicted C to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑ An identity hearing and production of the warrant.

☑ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 1/14/16

                              _____
                              Defendant's Signature

                              Andrea M. Simonton
                              UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Florida
Case No. 15-3604-Torres

UNITED STATES OF AMERICA,

v.

Charging District's Case No. 4:15-cr-654

Abraham Jose Shiera-Bastidas,
(USM# 08915-104)

_____/

### COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the SD/TX.

Ann St. Peter Griffith, Esq. and Daniel Fetterman, Esq., PHV, were retained to represent the Defendant for proceedings in this District.

The defendant remains in custody after the initial appearance in the Southern District of Florida.

**IT IS ORDERED** that the United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

**DONE AND ORDERED** at Miami, Florida on 1/14/16.

Andrea M. Simonton
UNITED STATES MAGISTRATE JUDGE

| RETURN | | |
|---|---|---|
| This commitment was received and executed as follows: | | |
| | | |
| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| | | |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
| | | |